345 So.2d 234 (1977)
HOSPITAL SERVICE DISTRICT NO. 2 OF ST. LANDRY PARISH, Plaintiff-Appellee,
v.
Frank DEAN et al., Defendants-Appellants.
No. 5889.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1977.
Rehearing Denied May 10, 1977.
Writ Refused June 10, 1977.
Logan & deLaunay by William E. Logan, Jr., Lafayette, for defendants-appellants.
Lewis & Lewis by James T. Guglielmo, Opelousas, for defendants-appellants.
G. Douglas Dean, Opelousas, for defendants-appellants.
James P. Doherty, Jr., Andrus & Andrus, Opelousas, for plaintiff-appellee.
Dwight D. Reed, Opelousas, for defendant-appellee.
Before CULPEPPER, WATSON and STOKER, JJ.
WATSON, Judge.
This is an expropriation suit by plaintiff, Hospital Service District No. 2 of St. Landry Parish, against a number of defendants, *235 of whom only Florence Sliman, Zula Richard Pollingue, Karl L. Pollingue, Eugene Pollingue, O'Neil L. Pollingue, Jr. and Hazel Pollingue Manion, have appealed from the decision of the trial court granting plaintiff title to the property sought to be expropriated, lot 108 of the Indian Hills Subdivision of St. Landry Parish, ordering that plaintiff pay defendant, Frank Dean, who is not appealing, the sum of $33,500 and denying to defendants-appellants compensation for a "residential use only" restrictive servitude encumbering the property. A motion to dismiss the appeal will be considered first, and thereafter, the various specifications of error claimed by appellants will be reviewed.

MOTION TO DISMISS
Two grounds are asserted for dismissal of the appeal, both without merit. First, plaintiff-appellee urges that appellants denominated their appeal as suspensive in the motion filed in the trial court and that LSA-R.S. 19:13 denies the right of suspensive appeal in an expropriation case. This contention is correct, but the rule is too well-settled to require citation of authority that an appeal, which fails for some reason as a suspensive appeal, will be considered as a devolutive appeal. Next, it is contended that the appeal is moot because an instrument containing waivers of the residential restriction signed by the requisite number of property owners of the Indian Hills Subdivision has been filed. It is admitted, however, that the record does not contain evidence to establish that the persons signing are property owners or that they constitute the required number for a waiver of the restriction.
Since the motion to dismiss is without merit, it is denied.

ON THE MERITS
Hospital Service District No. 2 of St. Landry Parish is a political subdivision of the Parish of St. Landry. It operates a hospital providing general health care and modern hospital facilities in the Opelousas area. As part of an expansion program, the directors of the hospital district concluded that an additional automobile entrance to the emergency room of the hospital was needed and that it was necessary to expropriate lot 108 of the Indian Hills Subdivision, across which to build the street. The hospital has expropriation authority under LSA-R.S. 46:1060. A petition to expropriate lot 108 with all rights affecting the property was filed, and, after certain preliminary proceedings, all owners of property in Indian Hills Subdivision were named as parties defendant. A number of property owners did not appear or answer and judgment was taken by default against them. The owner of lot 108, Frank Dean, was awarded $33,500 and he has not appealed.
Certain of the other property owners in the subdivision answered the expropriation suit, asserting various grounds of defense but chiefly contending that they, as owners of the right to enforce a restrictive covenant restricting the lot to residential use, were entitled to compensation for the taking of this right.
The trial court resolved the contention against the property owners and this appeal followed.
The specification of errors by appellants frame the issues to be considered, and they are in summary as follows:
(1) that the expropriating authority did not conduct sufficient negotiations prior to the institution of suit and that the trial court erred in overruling the exception of prematurity filed by appellants;
(2) that there was no showing that the proposed street construction had been approved by the Opelousas city planning commission;
(3) that the trial court erred in failing to award compensation to appellants for the taking of their property rights; and
(4) that the trial court erred in failing to award attorney's fees to appellants.

APPROVAL BY PLANNING COMMISSION
Appellants contend that the construction of the street by the hospital district would be in violation of LSA-R.S. *236 33:115. However, appellants readily admit that there is no showing that the city planning commission has adopted a major street plan which is a statutory requirement for the necessity of obtaining prior approval. This specification of error has no merit.

COMPENSATION FOR LOSS OF RIGHT TO ENFORCE RESTRICTIVE COVENANT
The first, third and fourth issues are inter-related and all hinge on a resolution of the question as to whether appellants are entitled to compensation.
The issue of compensation for owners of property sharing a restrictive covenant has presented many problems to the courts of other jurisdictions and has never been decided definitively in Louisiana, although this circuit has spoken in a case which was reversed by the Louisiana Supreme Court on other grounds. See Gremillion v. Rapides Parish School Board, 134 So.2d 700 (La.App. 3 Cir. 1961); reversed on other grounds, 242 La. 967, 140 So.2d 377 (1962).
In Gremillion, then Judge (now Justice) Tate of our circuit reviewed thoroughly the status of this issue in various other jurisdictions. It was noted that the question is de novo in Louisiana. Some ten states were listed as holding that the neighboring property owners must be compensated for the taking of their right to enforce a building restriction, while some eight jurisdictions were said to support the opposite conclusion.
Since Gremillion was written it appears that one state, California, has switched sides on the issue, going from denying compensation to now allowing compensation. Southern California Edison Company v. Bourgerie, 9 Cal.3d 169, 107 Cal.Rptr. 76, 507 P.2d 964 (1973), overruling Friesen v. City of Glendale, 209 Cal. 524, 288 P. 1080. Also since Gremillion Nebraska and Nevada have joined the states allowing compensation while Alabama and Arkansas have denied compensation. See 4 A.L.R.3d 1137. The authorities among other jurisdictions in the United States are, thus, about evenly divided.
Argument is made that the Louisiana Supreme Court adopted a position against compensation in reversing Gremillion. However, that court specifically limited its opinion as follows:
"And the only question presented by it is whether such title defect is so substantial as to suggest the probability of future serious litigation respecting the proposed purchaser's use of the property." 140 So.2d 379.
The Louisiana Supreme Court added:
". . . the particular issue of damages [for loss of the right to enforce the restrictive covenant] that will in all probability arise between the owners of the three adjoining lots and the school board, if and when the latter acquires the property in questionby expropriation or otherwiseand uses it for school purposes, has not been passed upon by our appellate courts and consequently is res novo; and, further, that none of the observations made hereinafter are intended to constitute a determination by us of such an issue, . . ." 140 So.2d 379.
The reasoning followed by this circuit in its treatment of Gremillion is persuasive and it will be quoted at some length:
"We do not, however, adopt this view. We prefer to follow the reasoning of the other jurisdictions which hold, to the contrary, that restrictive covenants affecting property acquired for governmental purposes do not, as against a governmental agency acquiring the affected property for a public use, constitute a property right of the owners of the untaken lands in favor of which the covenants run. "This is so, because any restriction that property cannot be used for governmental purposes nor be acquired by a public agency for public use is unenforceable ab initio. As some jurisdictions hold, such a restriction is void as against public policy or is deemed excepted from the intendment of the parties at the time a covenant is created restricting the use of property in some particulars.
"Prior to creation of the restrictive covenant, the state was legally entitled to *237 acquire the property for school purposes upon the payment of just and adequate compensation to the owner of the land. The state's right to acquire such land for school purposes cannot be restricted by a private contract between private parties, to which the state is not a party; nor can such a private contract impose upon the state liability beyond that allowed in the absence of the contract. In the sense that such restrictive covenants cannot affect the state's acquiring or use of the land for public purposes, they do not constitute, as against the sovereign, any property right which must be compensated for the violation or damaging thereof by the use of the property for a governmental purpose." 134 So.2d 702.
We now reaffirm the reasoning of Gremillion and conclude that the appellants are not entitled to compensation for the loss of their right to enforce the restrictive covenants. The specifications concerning failure to negotiate and attorney's fees fall with the principal specification. The decision of the trial court is affirmed and costs are taxed against appellants.
AFFIRMED.