ALFORD, Judge.
This matter is before the court on a motion to dismiss the unlodged suspensive appeal taken by defendant on the basis that it is prohibited by La.R.S. 19:13.
Plaintiff, Louisiana Intrastate Gas Corporation, filed suit seeking to expropriate a right-of-way or servitude for a natural gas pipeline which crosses defendant’s property. On February 13, 1985, the parties entered into a consent judgment which granted plaintiff a pipeline servitude and reserved defendant’s right to have the issue of “just compensation” tried by the court. On February 24, 1986, the trial court signed a judgment decreeing just compensation to be $309. Pursuant to a stipulation entered into between the parties, plaintiff was allowed a set off for $3,530 previously tendered defendant. Consequently, the court ordered defendant to pay plaintiff the sum of $3,221. On March 26, 1986, the trial court granted defendant a suspensive appeal.
Plaintiff claims suspensive appeals in expropriation matters are strictly forbidden by La.R.S. 19:13, which provides as follows:
No party to any expropriation proceeding shall be entitled to or granted a sus-pensive appeal from any order, judgment, or decree rendered in such proceeding, whether such order, judgment, or decree is on the merits, exceptions, or special pleas and defenses, or compensation, or any or all of them. The whole of the judgment, however, shall be subject to the decision of the appellate court on review under a devolutive appeal, and the delays for taking such appeal shall commence upon the signing of the judgment determining compensation. If any change in the amount awarded is made on such appeal, the plaintiff shall pay the additional assessment or recover the surplus paid.
Defendant opposes the motion to dismiss contending his suspensive appeal should be maintained in light of a stipulation the parties entered into “which provided that, pending the resolution of this matter, mover would be entitled to continue using the pipeline and respondent would continue to have the use of the money.” Defendant has not submitted any evidence of such a stipulation, nor has defendant cited any authority to support his contention that such a stipulation authorizes the trial court to grant a suspensive appeal despite the clear prohibition contained in La.R.S. 19:13. Nevertheless, as defendant additionally contends, the appeal should be maintained as a devolutive appeal pursuant to La.R.S. 19:13. Hospital Service District No. 2 of *1076 St. Landry Parish v. Dean, 345 So.2d 234 (La.App. 3d Cir.1977), writ denied, 346 So.2d 1106 (La.1977).
Por the above reasons, we amend the trial court’s grant of a suspensive appeal, hereby maintaining a devolutive appeal only, at defendant’s costs.
AMENDED, AND AS AMENDED, AFFIRMED.