hBAGNERIS, J.
The Intervenor, Tom Grantham, appeals the judgment of the trial court, which granted a Judgment of Expropriation in favor of Plaintiff, the New Orleans Redevelopment Authority (“NORA”). For the reasons set forth hereinafter, we affirm. FACTUAL AND PROCEDURAL BACKGROUND
The facts of this case are undisputed. On June 28, 2001, the City of New Orleans Administration Adjudication Bureau of the New Orleans Health Department found that the property located at 1435 Cam-bronne Street in New Orleans (“the Property”) was in violation of health ordinances and rendered judgment adjudicating the Property blighted and eligible for expropriation by NORA.
As statutorily authorized, NORA identified a prospective purchaser for the Property, Charles Weckel. On January 3, 2002, NORA obtained an appraisal report of the Property, which appraised the Property at $5,000.00. On April 12, 2002, *21 NORA had a second appraiser review the January 3, 2002 appraisal report and confirm the appraisal of $5,000.00. On May 9, 2002, NORA and Mr. Weckel entered into an Agreement to Purchase and Sell the Property (“the Agreement”). | ¡^Pursuant to the Agreement, Mr. Weckel agreed to purchase the Property at its appraised value ($5,000.00) and to renovate it within 270 days of his purchase. The Agreement, however, was conditioned on NORA’s expropriation of the Property from its record owner. Mr. Weckel tendered the appraised value, $5,000.00 for deposit into the registry of the court in the impending expropriation proceeding.
On January 30, 2003, the intervenor, Mr. Grantham, initiated the three year acquisitive prescription process to acquire the Property by executing an Affidavit of Intent to Possess pursuant to La. R,S. 9:5633[1]. On February 4, 2003, the Affidavit was recorded in the Orleans Parish Conveyance Office. On April 15, 2003, an Affidavit of Possession was filed by Mr. Grantham pursuant to La. R.S. 9:5633.
|,;On April 5, 2003, the City of New Orleans demolished -and removed the burned and dilapidated improvement that stood on the Property, and a hen was placed on the Property in the amount of $3,590.00.
On April 10, 2003, NORA filed a petition to expropriate the Property. NORA named as defendants .Ferdinand Louis Schreiner and his wife, Mattie Braud, or any heirs should they be deceased, the Mooring Tax Asset Group, L.L.C., and the City of New Orleans. Thereafter, on July 7, 2003, Mr. Grantham filed a petition of intervention in the expropriation proceedings alleging that the expropriation was not necessary since the Property was no longer blighted.
Following a one-day bench trial, the trial court rendered a judgment on December 12, 2003 in favor of NORA granting the expropriation of the property and against the intervenor, Mr. Grantham, “as Mr. Grantham did not possess any rights with regard to 1435 Cambronne Street.” On January 9, 2004, the trial court signed a *22 revised Final Judgment submitted by NORA declaring that just compensation for the property was $8,000.00.
Following a hearing on February 6, 2004, the trial court denied Mr. Grant-ham’s Motion for New Trial. Thereafter, on March 5, 2004, Mr. Grantham filed a Motion for Suspensive Appeal, which was granted on March 8, 2004.
In his appellate brief, Mr. Grantham asserts two assignments of error: (1) the trial court committed legal error by awarding NORA a Judgment of Expropriation concerning the Property located at 1435 Cambronne Street despite the Property’s unblighted condition; and (2) the trial court committed manifest error by awarding $8,000.00 as just compensation for the property located at 1435 Cambronne Street.
^DISCUSSION
Before addressing the merits of the appeal, we note that plaintiff/appellee, NORA, argues that appellant, Mr. Grant-ham, purports to suspensively appeal the trial court’s judgment, and that La. R.S. 19:13 denies the right of suspensive appeal in an expropriation case. Although this contention is correct, the rule is too well settled that an appeal, which fails for some reason as a suspensive appeal, will be considered as a devolutive appeal. See Louisiana Intrastate Gas Corp. v. Olinde, 489 So.2d 1075, (La.App. 1 Cir. 5/28/86); Hospital Service Dist. No. 2 of St. Landry Parish v. Dean, 345 So.2d 234 (La.App. 3 Cir. 4/13/77).
In his first assignment of error, Mr. Grantham contends that the Property was cured of any physical blight prior to NORA filing its petition for expropriation and therefore, the trial court committed legal error by allowing NORA to expropriate the Property without any showing of necessity or public interest.
In rebuttal, NORA argues that the Property met all of the legislative standards for blighted property when it was adjudicated as such on June 28, 2001. Further, it argues that a properly adjudicated property that is declared “blighted” remains blighted until it is either placed back into commerce or the adjudication bureau “unadjudicates” the property. We agree.
NORA is an agency authorized by the Louisiana Legislature to acquire blighted properties in the City of New Orleans, through purchase, expropriation or otherwise, and to subsequently dispose of such property.[2] Section 8.1, of Act 155 of 1984 and Act 135 of 1994 3rd Ex.Sess. gives NORA it’s statutory authorization and powers to expropriate blighted property. Specifically, Section 8.1 states:
| ¡^Section 8.1. Blighted property removal
A. Notwithstanding any other provision of this Act, the New Orleans Redevelopment Authority shall have the power to acquire by purchase, gift, bequest, expropriation, negotiation, or otherwise, any blighted property as defined in this Section, either within or outside a designated community improvement area and, further, to hold, clear, manage, and dispose of said property, all in accordance with the procedures set forth herein, which procedures shall be exclusive for the acquisition of individual blighted property by the authority.
*23 B. For the purposes of this Section, “blighted property” shall include those premises which have been declared vacant, uninhabitable, and hazardous by the Department of Safety and Permits of the city of New Orleans. In determining whether any premises are vacant, uninhabitable, or hazardous, the Department of Safety and Permits shall consider the following:
(1) Any premises which because of physical condition are considered hazardous to persons or property;
(2) Any premises declared to be a public nuisance;
(3) Any premises declared to be a fire hazard; or
(4) Any premises declared to be vermin infested or lacking in facilities or equipment required by the housing code of the city of New Orleans.
C. The authority shall not acquire any blighted property by expropriation unless such property has been resolved to be blighted by the local governing. authority and the local governing authority has authorized the acquisition of such property by the authority.
* * *
E. (1) Upon receipt of authorization to acquire, the authority shall begin immediately to procure purchasers for any properties acquired pursuant to this Section in order to facilitate the immediate transfer and development thereof. (2) Expropriation pursuant to this Section shall confer title to the property conveyed in the deed of sale free of all mortgages, liens, privileges, taxes, and encumbrances, provided that notice of such expropriation shall be sent at least thirty days prior to commencement of such expropriation proceedings by registered or certified mail, return receipt requested, by personal service, or by other means provided by law, to all parties having legally protected property interest in such property whose names and addresses can be reasonably ascertained. The ' proceeds from the ^expropriation of property pursuant to this Section shall be credited and applied against the most recent taxes, mortgages, and liens imposed pursuant to R.S. 33:1236, land paving and other local improvement assessments due on the property in accordance with the order of preference in RS. 47:2190, and any funds remaining after full payment of all taxes, mortgages, liens, and assessments shall be distributed to creditors in accordance with the priorities of distribution set forth in Article 2377 of the Code of Civil Procedure. Any taxes, charges imposed pursuant to RS. 33:1236, and paving or other local improvement assessments remaining past due and unpaid after the application of the expropriation proceeds shall remain the responsibility of the previous owner of the property.
(3) Prior to acquisition of any properties declared blighted and in accordance with procedures established by the authority, such authority shall offer technical or financial assistance as may be available for rehabilitation to the property owner..
In this case, the Administrative Adjudication Bureau for Public Health, Housing and Environmental Violations, Department of Health for the City of New Orleans adjudicated the Property on June 21, 2001, and the Administrative Hearing Officer declared the Property as “blighted and a public nuisance” and ordered it eligible for expropriation by NORA and eligible for demolition by the proper authorities at the owner’s expenses. Further, NORA submitted exhibits at trial showing there are currently four unpaid health assessments, two years of unpaid real estate taxes; and *24 an unpaid demolition lien all totaling $7,893.19 due to the City of New Orleans. As such, and as the trial court correctly stated in its reasons for judgment, “this property could be found and adjudicated “blighted property” today under the conditions that exist and as shown by the evidence.” Moreover, we agree with NORA that the demolition of the improvement on the Property in April of 2003, as a result of a fire, further substantiates that it is in the best interest of the public that the Property be expropriated by NORA. Accordingly, we find no merit to Mr. Grantham’s argument that the petition for expropriation should have been dismissed.
|7In his second assignment of error, Mr. Grantham contends that the trial court committed manifest error by assigning the Property a fair market value of $8,000.00. However, because this Court finds that this Property was subject to expropriation, the issue of just compensation is moot since Mr. Grantham is not an “owner” and any claim he may have had in the Property is erased by virtue of the Judgment of Expropriation.
For these reasons, we affirm the judgment of the trial court, which awarded NORA a Judgment of Expropriation concerning the property located at 1435 Cam-bronne Street.
AFFIRMED.

. La. R.S. 9:5633 provides in pertinent part:
Blighted property; acquisitive prescription
A. Ownership of an immovable may be acquired by the prescription of three years without the need of just title or possession in good faith.
[[Image here]]
(2) The following shall be filed in the conveyance records for the parish where the immovable property is situated:
(a) An affidavit by the possessor stating the name and address of the possessor, stating the intention of the possessor to take corporeal possession of the immovable property for the possessor’s own account in accordance with this Section, stating that such corporeal possession shall commence no sooner than sixty calendar days from the date of filing of the affidavit and giving a short legal description of the immovable property intended to be possessed; and
[[Image here]]
(3) Within one week after the judgment, certificate or proof and affidavit are filed as described in Paragraph (A)(2) of this Section, said judgment, certificate or proof and affidavit shall be sent certified mail, return receipt requested, to the address of the owner shown on the tax rolls of the assessor, to the addresses of owners of immovable property having common boundaries with the immovable shown on the tax rolls of the assessor and to all parties having an interest in the immovable, as shown by the mortgage and conveyance records, at the address of each party as may be reasonably ascertained.
(4)Within one week after the judgment, certificate or proof and affidavit are filed as described in Paragraph (A)(2) of this Section, a notice shall be affixed in a prominent location on the immovable, stating the name and address of the possessor, stating that the possessor intends to take corporeal possession of the immovable for the possessor's own account and stating the date that the notice is so affixed.
[[Image here]]

. NORA began its existence as the “Community Improvement Agency in and for the City of New Orleans” ("CIA”) by virtue of Acts 1968, No. 170. CIA’s name was changed by Acts 1994, 3rd Ex.Sess., No. 135 effective July 7, 1994, to New Orleans Redevelopment Authority (“NORA”).