IN RE:  FLAG BOY                    *        NO. 2021-CA-0644
PROPERTIES, LLC PRAYING
FOR MONITION                        *
                                             COURT OF APPEAL
                                    *
                                             FOURTH CIRCUIT
                                    *
                                             STATE OF LOUISIANA
                    * * * * * * *


CONSOLIDATED WITH:                  CONSOLIDATED WITH:

FLAG BOY PROPERTIES, LLC            NO. 2021-CA-0645

VERSUS

THE CITY OF NEW ORLEANS,
THE UNOPENED SUCCESSION
OF PATRICIA L. MAJOR AND
HENRY MAJOR, SR.


APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-01263, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Paula A. Brown, Judge
Tiffany Gautier Chase)

Jonah A. Freedman
Jonah Freedman Law, LLC
700 Camp Street, Suite 316
New Orleans, LA 70130

        COUNSEL FOR PLAINTIFF/APPELLEE

Scott J. Sonnier
650 Poydras Street, Suite 1400
New Orleans, LA 70130

        COUNSEL FOR DEFENDANT/APPELLANT

                                    **REVERSED AND REMANDED**
                                    **MARCH 10, 2022**

*TGC*
*EAL*
*PAB*

Henry Major, Sr. (hereinafter "Mr. Major") seeks review of the trial court's August 12, 2021 judgment granting Flag Boy Properties, LLC's (hereinafter "Flag Boy") motion for summary judgment. After consideration of the record before this Court, and the applicable law, we reverse the trial court's August 12, 2021 judgment and remand the matter for further proceedings.

### Facts and Procedural History

On June 16, 1992, Mr. Major and his wife Patricia Major purchased the property located at 1413-15 Annette Street, in New Orleans, Louisiana. By judgment dated July 21, 2010, the property was adjudicated blighted and deemed a public nuisance.[1] On September 23, 2014, an administrative hearing was held by the City of New Orleans Code Enforcement and Hearing Bureau regarding the property.[2] The hearing officer found the property violated the sanitation, weeds and plant growth ordinances. However, the judgment reflects that the violations were deemed abated. Additionally, the hearing officer found the property failed to maintain the requisite decorative features. The judgment noted that the correction for the violation was to repair, replace or secure the decorative features. The

---

[1] In 2010, violations of M.C.S., Ord. No. 23046 Section 28-38 and M.C.S., Ord. No. 23046 Section 28-37, currently M.C.S., Ord. No. 25454 Sections 26-236 and 26-237.

[2] The record reflects that Henry Major, Jr. attended the administrative hearing.

1

minute entry from the September 23, 2014 administrative hearing reflects that the property was deemed "in compliance" but noted that the gutters on the house needed painting.

The City of New Orleans initiated a tax sale of the property as a result of the Majors' failure to pay property taxes from 2015 to 2017. On April 10, 2018, Flag Boy purchased the property and obtained a tax sale certificate listing tax bill number: 37W105904 and property description: SQ 622 LOT 2 OR 3 ANNETTE 32 X 128 SGLE 1/ST 4/RMS FRAME S/R. The tax sale certificate was recorded on May 30, 2018, and provided that the tax debtor had three years to redeem the property. On January 19, 2019, Flag Boy mailed post-tax sale notices to the Majors and the City of New Orleans.[3] The letter notified the parties that the property was sold for delinquent taxes. It also noted that Mr. Major had eighteen months from the date of recordation of the tax sale, or November 30, 2019, to redeem the property.

On February 7, 2020, Flag Boy initiated monition proceedings seeking to terminate any parties' interest in the property.[4] Flag Boy subsequently mailed monition notices to the Majors and the City of New Orleans informing them that monition proceedings were initiated. The letters also noted that the parties had six months to oppose the monition. On August 5, 2020, the City of New Orleans notified Flag Boy that the property had been redeemed by Mr. Major on January 22, 2020. The redemption certificate was recorded on August 11, 2020.

---

[3] Flag Boy mailed post-tax sale notices to Henry Major, Sr., the heirs of Patricia Major and the City of New Orleans.

[4] On February 12, 2020, Flag Boy recorded a Notice of Lis Pendens notifying interested parties of the initiation of monition proceedings.

On October 6, 2020, Flag Boy filed a motion to confirm and homologate tax sale, in the monition proceeding, which was granted by the trial court on the same date. On November 20, 2020, Flag Boy initiated a separate petition for declaratory relief seeking to have the redemption certificate issued by the City of New Orleans vacated. The declaratory relief proceeding was consolidated with the monition proceeding. On January 21, 2021, the City of New Orleans answered the petition for declaratory relief. On March 30, 2021, Mr. Major filed an answer and reconventional demand seeking to annul the monition judgment based on his January 22, 2020 redemption.

On May 27, 2021, Flag Boy filed a motion for summary judgment asserting that Mr. Major failed to redeem the property within the applicable redemptive period and thus, no genuine issue of material fact exists as to ownership of the property. In support of its motion Flag Boy attached: (1) supporting affidavits; (2) post-tax sale notices; (3) the 2010 blight adjudication; and (4) the redemption certificate. Mr. Major opposed the motion for summary judgment, maintaining that he redeemed the property within the applicable redemptive period. A hearing on Flag Boy's motion for summary judgment was held on July 29, 2021. By judgment dated August 12, 2021, the trial court (1) granted Flag Boy's motion for summary judgment; (2) vacated the redemption certificate obtained by Mr. Major; (3) adjoined Mr. Major and his heirs from obtaining any right to the property at issue; (4) declared that the City of New Orleans does not have the authority to extend the tax sale redemptive period for blighted properties; and (5) dismissed, with prejudice, Mr. Major's reconventional demand. This appeal followed.

<u>**Discussion**</u>

On appeal, Mr. Major asserts six assignments of error all of which challenge the trial court's rulings surrounding the grant of Flag Boy's motion for summary judgment and dismissing any redemptive right Mr. Major has to the property.[5] We find the dispositive issue to be whether the eighteen-month or three-year redemptive period is applicable to the property at issue.

**Standard of Review**

An appellate court reviews a trial court's decision to grant or deny a motion for summary judgment *de novo*. In *Chatelain*, this Court set forth the applicable standard of review as follows:

> Appellate courts review the grant or denial of a motion for summary judgment *de novo*, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff[']s cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude

---

[5] 1. The trial court erred in granting summary judgment;
2. The trial court erred in vacating the Certificate of Redemption recorded by the City of New Orleans and directing the Recorder of Conveyances to cancel, terminate and/or erase the same;
3. The trial court erred in quashing, quieting, extinguishing and forever prohibiting the defendants from setting up any right, title or interest in the subject property;
4. The trial court erred in ruling that the City of New Orleans has no authority or jurisdiction to determine the redemption period if a property had been judicially determined, declared, or ordered blighted prior to the occurrence of the tax sale;
5. The trial court erred in dismissing the Reconventional Demand filed by Henry Major, Sr.;
6. The trial court erred in failing to order reimbursement/return of the redemption funds paid by Henry Major, Sr.

4

that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

*Chatelain v. Fluor Daniel Const. Co.*, 2014-1312, p. 3 (La.App. 4 Cir. 11/10/15), 179 So.3d 791, 793 (citations omitted).

## Summary Judgment

It is well settled that "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action… ." La. C.C.P. art. 966(A)(2). The granting of a motion for summary judgment is contingent upon the pleadings, depositions, answers to discovery, admissions on file and affidavits demonstrating that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. *Duboue v. CBS Outdoor, Inc.*, 2008-0715, p. 2 (La.App. 4 Cir. 10/1/08), 996 So.2d 561, 562. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could only reach one conclusion, there is no need for trial on that issue, and summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.,* 1993-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "A fact is material when its existence or non-existence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Chapital v. Harry Kelleher & Co., Inc.,* 2013-1606, p. 5 (La.App. 4 Cir. 6/4/14), 144 So.3d 75, 81 (quoting *Mandina, Inc., v. O'Brien,* 2013-0085, p. 8 (La.App. 4 Cir. 7/31/13), 156 So. 3d 99, 104). Whether a fact is material is a determination that must be made based upon the applicable substantive law. *Roadrunner Transp. Sys. v. Brown*, 2017-0040, p. 7 (La.App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270.

On a motion for summary judgment the mover bears the burden of proof but is not required to negate all elements of the adverse party's claim if the mover will not bear the burden of proof at trial. La. C.C.P. art. 966 (D)(1). Thus, La. C.C.P. art 966,

> first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial.

*Babin v. Winn-Dixie Louisiana, Inc.*, 2000-0078, p. 4 (La. 6/30/00), 764 So.2d 37, 39. If the adverse party fails to set forth specific facts demonstrating a genuine issue of material fact, summary judgment shall be rendered against the adverse party if appropriate. La. C.C.P. art. 967(B).

## Redemptive Periods

Mr. Major asserts that the trial court erred in granting summary judgment because a genuine issue of material fact exists regarding the applicable redemptive period. He maintains that no evidence was presented indicating that the property was blighted at the time of the tax sale. Thus, he argues that the three-year redemptive period, not the eighteen-month redemptive period, is applicable because the property at issue was no longer deemed blighted at the time of the tax sale. Conversely, Flag Boy contends that any issue regarding the redemptive period was disposed of in the October 6, 2020 monition judgment which Mr. Major did not appeal. Nonetheless, Flag Boy asserts that the property was adjudicated as blighted in 2010 and as such, the eighteen-month redemptive period is applicable. Flag Boy maintains that no genuine issue of material fact exists because Mr. Major

6

failed to redeem the property within the eighteen-month redemptive period. Thus, it is entitled to judgment as a matter of law pursuant to La. C.C.P. art. 966.

Louisiana Revised Statute defines "redemptive period" as "the period in which a person may redeem property as provided in the Louisiana Constitution." La. R.S. 47:2122. Property sold for non-payment of taxes "shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption." La. Const. art. VII, § 25(B)(1). The exception to the three-year redemptive period is set forth in La. Const. art. VII, § 25(B)(2) which provides:

> In the city of New Orleans, when such property sold is residential or commercial property which is abandoned property as defined by R.S. 33:4720.12(1) or blighted property as defined by Act 155 of the 1984 Regular Session, it shall be redeemable for eighteen months after the date of recordation of the tax sale by payment in accordance with Subparagraph (1) of this Paragraph.

Thus, there is one exception which applies to the three-year redemptive period based on whether the property is abandoned or blighted. Abandoned property is not at issue in the case *sub judice*.[6] Therefore, we consider whether the property was blighted at the time of the tax sale such that it qualified for the eighteen month redemptive period. We look to the definition of "blighted property" incorporated by reference in La. Const. art. VII, § 25(B)(2). "Act 155 [of the 1984 Regular Session] defined 'blighted property' as 'those premises which have been declared vacant, uninhabitable, and hazardous by the Department of Safety and Permits of the city of New Orleans.'" *Smith v. Brumfield*, 2013-1171, p. 13 (La.App. 4 Cir.

---

[6] La. R.S. 33:4720.12(1), regarding abandoned property, was repealed by Acts 2008, No. 819 § 2, effective January 1, 2009. For subject matter of the repealed sections, see now, generally, La. R.S. 47:2121 et seq.

1/15/14), 133 So.3d 70, 78 (quoting 1984 La. Acts no. 155); *see also* La. R.S. 33:1374(B)(1).[7] As previously noted, a property that is deemed blighted at the time of the tax sale is subject to the eighteen-month redemptive period. However, "[t]he plain language of the constitution requires that the property be blighted, that is, under an adjudication of blight, at the time of its sale." *Id.*, 2013-1171, p. 15, 133 So.3d at 79.

The property at issue was initially adjudicated blighted on July 21, 2010. However, pursuant to the September 23, 2014 judgment certain violations were abated and the property deemed "in compliance." A property remains adjudicated blighted until it is either no longer adjudicated as such or is placed back into commerce. *See New Orleans Redevelopment Auth. v. Schreiner*, 2004-0705, p. 4 (La.App. 4 Cir. 11/23/04), 899 So.2d 19, 22 (agreeing with the proposition that "a properly adjudicated property that is declared 'blighted' remains blighted until it is either placed back into commerce or the adjudication bureau 'unadjudicates' the property."). While the property was deemed "in compliance" in 2014, it was not officially "unadjudicated" as blighted by the City of New Orleans. However, the property was placed back into commerce when it was listed for sale as a result of the tax sale initiated by the City of New Orleans. As the tax sale placed the property back into commerce, the eighteen-month redemptive period is inapplicable. Additionally, the sale of the property occurred under the statutory

---

[7] La. R.S. 33:1374(B)(1) provides:

> "Blighted property" means commercial or residential premises, including lots, which are vacant, uninhabitable, and hazardous and because of their physical condition, are considered hazardous to persons or property, or have been declared or certified blighted, and have been declared to be a public nuisance by a court of competent jurisdiction or by an administrative hearing officer acting pursuant to competent jurisdiction or by an administrative hearing officer acting pursuant to R.S. 13:2575 et seq., or any other applicable law.

authority governing sales of property for failure to pay property taxes, not under the governing authority for blighted property. *See Padilla v. Schwartz*, 2006-1517, p. 7 (La.App. 4 Cir. 3/11/09), 11 So.3d 6, 11 ("For the suggested eighteen month redemption period to apply, the sale would have had to occur under the statutory authority governing sales of blighted property.") Accordingly, Mr. Major had three years from the recordation of the tax sale to redeem the property. The tax sale was recorded on May 30, 2018 and Mr. Major had until May 30, 2021 to redeem the property. He did so on January 22, 2020, within the three-year applicable redemptive period. Therefore, we find the trial court erred in granting summary judgment in favor of Flag Boy.

## Conclusion

Based on the foregoing, we find the three-year redemptive period provided for in La. Const. art. VII, § 25(B)(1) applicable to the facts of this case. Mr. Major timely redeemed the property within the three-year redemptive period. Thus, it was error for the trial court to grant summary judgment and vacate the certificate of redemption obtained by Mr. Major. Accordingly, we reverse the August 12, 2021 judgment of the trial court and remand the matter for further proceedings.


**REVERSED AND REMANDED**

9