| | | |
|---|---|---|
| ECLECTIC INVESTMENT PARTNERS, LP | * | NO. 2022-CA-0197 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| ANDREW WILSON, SR. AND ANDREW WILSON, JR. AND THE CITY OF NEW ORLEANS | * | FOURTH CIRCUIT |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

<u>CONSOLIDATED WITH:</u>                    <u>CONSOLIDATED WITH:</u>

**EASY LIVING CONSTRUCTION, LLC**          NO. 2022-CA-0198

**VERSUS**

**ECLECTIC INVESTMENT PARTNERS,
LP AND THE CITY OF NEW ORLEANS**

<u>CONSOLIDATED WITH:</u>                    <u>CONSOLIDATED WITH:</u>

**ECLECTIC INVESTMENT PARTNERS,
LP**                                       NO. 2022-CA-0199

**VERSUS**

**CHELSEY RICHARD NAPOLEON, AS
EX-OFFICIO RECORDER OF
CONVEYANCES FOR THE PARISH OF
ORLEANS, IN HER CAPACITY AS
CLERK OF THE CIVIL DISTRICT
COURT FOR THE PARISH OF
ORLEANS, AND EASY LIVING
CONSTRUCTION, LLC**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-11634, DIVISION "M"
Honorable Paulette R. Irons, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase)

**LOMBARD, J., CONCURS IN THE RESULT**

Scott Joseph Sonnier
ATTORNEY AT LAW
601 Poydras Street
Suite 2355
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLANT

John A. E. Davidson
DAVIDSON & DAVIDSON, APLC
5000 W. Esplanade
Suite A # 284
Metairie, LA 70006

COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**NOVEMBER 30, 2022**

Appellant, Eclectic Investment Partners, LP ("Eclectic"), seeks review of the trial court's December 6, 2021 judgment, which overruled its exceptions of no right of action and insufficiency of service, and granted Appellee, Easy Living Construction, LLC's ("Easy Living") motion for summary judgment. For the reasons that follow, we affirm the trial court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

The instant appeal involves an action to annul the judgment confirming and quieting the tax title of blighted property located at 8705 Apricot Street, New Orleans, Louisiana ("Property").

On December 21, 2010, the City of New Orleans adjudicated the property as blighted and a public nuisance. Thereafter, on April 12, 2016, Eclectic acquired a tax sale certificate of the Property for unpaid ad valorem taxes from 2013 through 2015 that were assessed to Andrew Wilson. The tax sale certificate was filed in the Orleans Parish conveyance records on May 27, 2016.

On July 18, 2017, Eclectic issued post-tax sale notices to Andrew Wilson, Sr. and Andrew Wilson, Jr. ("Wilsons"), informing that the tax title to the property

1

was sold to Eclectic and advising of their redemption rights. On December 5, 2017, Eclectic filed a petition to quiet tax title against the Wilsons. Subsequently, a curator was appointed for the Wilsons. The curator filed an answer and note of evidence.

On March 23, 2018, Eclectic filed a motion for partial summary judgment, arguing that eighteen months had elapsed since the date of registry of the tax sale in the conveyance records for the Parish of Orleans, that tax title should be quieted and Eclectic should be confirmed as the sole owner of the property. A hearing was held on the motion for partial summary judgment on May 17, 2018. On the same date, the trial court granted the motion for partial summary judgment, declaring Eclectic as the sole owner of the property.

Approximately two months later, Andrew Wilson, Jr. quitclaimed his interest in the property to Easy Living for $3,000.00. On April 9, 2019, Easy Living filed a petition to annul, for redemption and cancellation of tax sale. Eclectic also filed exceptions of insufficiency of service of process and no right of action. On March 18, 2021, Eclectic filed a mandamus action against the Clerk of Court for the Parish of Orleans, requesting that the Clerk of Court cancel the quitclaim deed for the conveyance records pursuant to La. R.S. 47:2266(C)[1]. The petition to annul and the mandamus action were consolidated.

On June 15, 2021, the trial court held a hearing on the mandamus action. Thereafter, on July 23, 2021, the trial court denied the petition for writ of mandamus.

---

[1] La. R.S. 47:2266(C) provides that a "petitioner may file a notice of lis pendens with the recorder of mortgages of the parish in which the property is located. A transfer, mortgage, lien, privilege, or other encumbrance filed after the filing of the notice of lis pendens shall not affect the property. The recorder of mortgages or the recorder of conveyances shall cancel, erase, terminate, or release the acts upon request of the petitioner."

Easy Living filed a motion for summary judgment, arguing that 1) the tax sale was an absolute nullity for failure to advertise in accordance to La. R.S. 47:2153 and failure to provide pre-sale notice; 2) it is entitled to redeem the tax sale; and 3) the judgment confirming the tax sale and quieting the tax title was obtained prematurely.

A hearing on the exception of no right of action and insufficiency of service of process and motion for summary judgment was held on November 18, 2021. On December 6, 2021, the trial court rendered its judgment overruling Eclectic's exceptions, and granting Easy Living's motion for summary judgment. On January 4, 2022, Eclectic filed a motion for suspensive appeal. This appeal timely follows.

**STANDARD OF REVIEW**

"Appellate courts review summary judgments under the *de novo* standard of review, using the same standard applied by the trial court in deciding the motion for summary judgment; as a result, we are not required to analyze the facts and evidence with deference to the judgment of the trial court or its reasons for judgment." *Precept Credit Opportunities Fund, L.P. v. Elmore*, 2021-0502, p. 3 (La. App. 4 Cir. 4/20/22), 338 So.3d 87, 89-90, *writ denied*, 2022-00782 (La. 9/20/22), 346 So.3d 288 (quoting *Smith v. State*, 2018-0197, p. 3 (La. App. 4 Cir. 1/9/19), 262 So.3d 977, 980). Pursuant to La. C.C.P. art. 966(A)(3), "[a] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." The burden of proof is on the mover. La. C.C.P. art. 966(D)(1). The burden then shifts to the adverse party "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

3

A trial court's ruling on an exception of no right of action is reviewed *de novo. N. Clark, L.L.C. v. Chisesi*, 2016-0599, p. 3 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1015 (citing *St. Pierre v. Northrop Grumman Shipbuilding, Inc.*, 2012-0545, p. 7 (La. App. 4 Cir. 10/24/12), 102 So.3d 1003, 1009).

**DISCUSSION**

Eclectic argues that the trial court erred in overruling its peremptory exception, and granting Easy Living's motion for summary judgment. Eclectic asserts seven assignments of error:

1. The trial court erred in overruling the exception of no right of action.

2. The trial court erred in granting summary judgment.

3. The trial court erred in nullifying the tax sale certificate dated May 5, 2016 and recorded as CIN 599944.

4. The trial court erred in annulling the May 17, 2018 judgment.

5. The trial court erred in directing the City to redeem the tax sale.

6. The trial court erred in hearing the summary judgment prior to an answer being filed by Eclectic.

7. The trial court erred in denying the petition for mandamus.

While Eclectic asserts seven assignments of error, we narrow our discussion to two issues: 1) whether the trial court erred in overruling the exception of no right of action; and 2) whether there were grounds for annulling the May 17, 2018 judgment that confirmed the tax sale and quieted the title.

*No Right of Action*

Eclectic argues that Easy Living does not have a right of action to annul the tax sale. Eclectic further argues that a quiet title action has occurred and the ownership interest of the property was transferred to Eclectic prior to Andrew

4

Wilson, Jr. transferring his interest in the property to Easy Living through a quitclaim deed.

A peremptory exception of no right of action assumes that the petition offers a valid cause of action and considers whether the plaintiff is a member of the class that has a legal interest in the underlying case. *In re Succession of Duskin*, 2014-0236, p. 4 (La. App. 4 Cir. 11/19/14), 153 So. 3d 567, 571 (citing *Weber v. Metro. Cmty. Hospice Foundation, Inc.*, 2013-0182, p. 4 (La. App. 4 Cir. 12/18/13), 131 So. 3d 371, 374). La. C.C.P. art. 681 provides that "[e]xcept as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts." Our Supreme Court has established that an appellate court's review of a trial court's ruling on an exception of no right of action "should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person." *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 2010-2267, 2010-2272, 2010-2275, 2010-2279, 2010-2289, p. 7 (La. 10/25/11), 79 So. 3d 246, 256.

An appellate court begins its analysis on an exception of no right of action with an examination of the pleadings. *N. Clark, L.L.C.*, 2016-0599, p. 6, 206 So. 3d at 1017 (citing *Gisclair v. Louisiana Tax Comm'n*, 2010-0563, p. 2 (La. 9/24/10), 44 So. 3d 272, 274).

We note that the record is void of Easy Living's petition to annul judgment, for redemption and cancellation of tax sale, thus we are unable to examine the factual allegations in the pleading. "When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court." La. C.C.P. art. 2128. Accordingly, this assignment of error is without merit.

*Nullification of Tax Sale*

Next, Eclectic argues that tax sales may no longer be attacked as absolute nullities. Eclectic further argues that it issued post-sale notice to the Wilsons, which satisfied the due process requirements. Eclectic contends that because the property adjudicated as blighted, the Wilsons were subject to an eighteen month redemption period.

Opposing Eclectic's assertions, Easy Living contends that a three-year redemptive period is applicable instead of the eighteen month period because the blight was cured prior to the tax sale. Easy Living further argues that the tax sale is an absolute nullity because of deficiencies in advertisement.

Eclectic relies on *Precept Credit Opportunities Fund, L.P.*, wherein this Court noted that Louisiana's jurisprudence has consistently held that defects in pre-sale notice may not be attacked as absolute nullities. The *Precept* court noted that there are three grounds to nullify a tax certificate pursuant to La. R.S. 47:2286: "[n]o tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under R.S. 47:2162, all of which are relative nullities." *Precept Credit Opportunities Fund, L.P.*, 2021-0502, p. 8 (La. App. 4 Cir. 4/20/22), 338 So.3d 87, 93, *writ denied*, 2022-00782 (La. 9/20/22), 346 So.3d 288.

"A redemption nullity is 'the right of a person to annul a tax sale in accordance with R.S. 47:2286 because he was not duly notified at least six months before the termination of the redemptive period.'" *Id.*, 2021-0502, p. 11, 338 So.3d at 94 (quoting La. R.S. 47:2122(10)). To be duly notified, pursuant to La. R.S. 47:2122(4), means that:

> [a]n effort meeting the requirements of due process of law has been
> made to identify [a particular person]; and to provide that person with

a notice that meets the requirements of La. R.S. 47:2156, 2157, 2206, 2236, or 2275 ..., regardless of any of the following:

> (a) [w]hether the effort resulted in actual notice to the person,
>
> (b) [w]hether the one who made the effort was a public official or a private party.
>
> (c) [w]hen, after the tax sale, the effort was made.

The *Precept* court upheld that post-tax sale redemptive notice was legally sufficient to meet the due process requirements under the law. The *Precept* court noted that the holder of the tax sale certificate issued post-tax sale notice to the interested parties and informed of the redemptive period. The Court further provided that the notices were sent via First Class U.S. Mail, provided that the property was sold at a tax sale, indicated the property on which the taxes were delinquent, referenced the tax bill number, and indicated the redemption period. *Precept Credit Opportunities Fund, L.P.*, 2021-0502, p. 12, 338 So.3d at 94.

In *Stow-Serge v. Side by Side Redevelopment, Inc.*, 2020-0015, p. 5 (La. App. 4 Cir. 6/10/20), 302 So.3d 71, 76, this Court determined that relative nullities are capable of being cured. *Stow-Serge* further provided that post-sale redemptive notice was legally sufficient to meet with due process requirements under the law. *Id.*, 2020-0015, p. 8, 302 So. 3d at 78.

However, Easy Living relies on *Deichmann v. Moeller*, 2018-0358 (La. App. 4 Cir. 12/28/18), 318 So.3d 833, 836, wherein this Court provided:

> The Louisiana Revised Statutes addressing "Actions to Annul" include La. R.S. 47:2286, which provides: "[n]o tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under R.S. 47:2162, all of which are relative nullities." In addition, Louisiana courts continue to recognize an "absolute nullity" where pre-tax-sale notification requirements have not been met, notwithstanding the provisions of La. R.S. 47:2286.

7

The defendant in *Deichmann* argued that the tax sale and tax deed were absolutely null and had no legal effect because the tax sale was not properly published and/or advertised under La. R.S. 47:2153 (B), La. Const. art. VII, § 25, and the Constitution of the United States. *Id.*, 2018-0358, p. 3 (La. App. 4 Cir. 12/28/18), 318 So.3d at 836. The plaintiff argued that the lack of sufficient pre-sale advertisement must be a redemption nullity. The Court noted that the plaintiff "admitted that pre-tax-sale publication requirements were not met", and "the pleadings fail[ed] to establish that pre-sale notice requirements were met." *Id.* at p. 7, 318 So.3d at 838. The *Deichmann* court reversed the trial court's judgment declaring the tax sale a "nullity" to specify that the tax sale was an absolute nullity. *Id.* at p. 8, 318 So.3d at 838 (citations omitted).

Easy Living further relies on *Waiters v. deVille*, 2020-0556 (La. App. 4 Cir. 12/30/20), ---So.3d----, 2020 WL 8455459, *writ denied*, 2021-00283 (La. 4/13/21), 313 So.3d 1249. The *Waiters* court addressed a similar issue concerning deficiencies with pre-sale advertisement. The defendant argued that right to redeem the Property was perempted upon termination of the redemptive period. *Id.* at p. 24, 2020 WL 8455459, *11. The Court further noted that while the defendant argued that her non-compliance with La. R.S. 43:203 was a relative nullity, it was of no consequence as it was impossible for the defendant to cure the non-compliance at that point. *Id.* at p. 20, 2020 WL 8455459, *10. The Court provided "that advertisements for judicial sales of immovable property are governed by La. R.S. 43:203, which requires two (2) publications, one (1) at least thirty (30) days before the sale, and the second, not earlier than seven (7) days or later than the day before the judicial sale." *Id.* at p. 28, 2020 WL 8455459, *13. The defendant failed to comply with La. R.S. 43:203, as the first date of notice was less than thirty days

before the tax sale. This Court held that the trial court did not err when it found no genuine issue of material fact to conclude the tax sale null and void and in granting summary judgment in favor of the plaintiffs as to this issue. *Id.* at p. 31, 2020 WL 8455459, *15.

While Easy Living correctly asserts that this Court has upheld annulling tax sales for deficiencies in pre-sale advertisement, its argument is misplaced. The *Waiters* court upheld a trial court's judgment that deemed the tax sale null and void because a sale was made before the lapse of thirty days from the date of the first advertisement. *See Waiters*, 2020-0556, p. 28, 2020 WL 8455459, *13. Here, the tax sale certificate establishes that the tax sale occurred on April 12, 2016, and the advertisements were published on March 4, 2016, and April 8, 2016. Therefore, the sale was made after the lapse of the thirty-day delay. Thus, we do not find deficiencies in the time delay of pre-sale advertisement.

Easy Living asserts that the tax sale certificate does not reflect that Andrew Wilson, Jr.'s name was published in the Times Picayune. We note that the tax sale certificate reflects that the tax sale was advertised in the name of Andrew Wilson. Further, in its brief to this Court, Eclectic concedes that a redemption nullity is the only applicable ground for nullity available to Easy Living.

In support of the motion for summary judgment annulling the tax sale certificate held by Eclectic, Easy Living submitted the May 5, 2016 tax sale certificate; the August 24, 2011 notice of seizure; the City of New Orleans invoice for demolition service; the July 18, 2017 post-tax sale notices; the July 12, 2018 quitclaim deed; affidavit of death and heirship; the July 13, 2017 judgment of possession awarded Andrew Wilson, Jr.; and the July 15, 2014 notice of administrative judgment.

The property in this matter was adjudicated as blighted. This Court has held that a properly adjudicated property that is declared "blighted" remains blighted until it is either placed back into commerce or the adjudication bureau "unadjudicates" the property. *See New Orleans Redevelopment Authority v. Schreine*r, 2004-0705, p. 4 (La. App. 4 Cir. 11/23/04), 899 So.2d 19, 22. The record is void of evidence that the property was placed back into commerce or was no longer deemed as blighted by the City. Therefore the property it was subject to the redemption period pursuant to La. Const. art. VII, § 25 (B)(2), which provides:

> In the city of New Orleans, when such property sold is residential or commercial property which is abandoned property as defined by R.S. 33:4720.12(1) or *blighted property as defined by Act 155 of the 1984 Regular Session, it shall be redeemable for eighteen months after the date of recordation of the tax sale* by payment in accordance with Subparagraph (1) of this Paragraph.

(Emphasis added.)

Eclectic sent post-sale notice to the Wilsons on July 18, 2017. The notice provided that the tax sale title was sold to Eclectic for delinquent taxes for 2013 through 2015 and identified Tax Bill number 716326704. It further provided that the property may be redeemed within eighteen months from May 27, 2016 and that the redemptive period expires on November 27, 2017. We note that the post-sale notice was issued approximately four months before the expiration of the redemptive period. Therefore, Andrew Wilson, Jr. was not duly notified at least six months before the termination of the redemptive period. *See Precept Credit Opportunities Fund, L.P.,* 2021-0502, p. 11, 338 So.3d at 94 (quoting La. R.S. 47:2122(10)).

La. R.S. 47: 2287 provides in pertinent part:

A. Any action to annul a tax sale on grounds of a redemption nullity shall be brought before the earlier of:

(1) Six months after a person is duly notified using a notice, other than the notice provided in R.S. 47:2156 that is sent between the time that the redemptive period ends and five years after the date of the recordation of the tax sale certificate.

(2) If a person is duly notified more than five years after the date of the recordation of the tax sale certificate, sixty days after the person is duly notified.

Here, Easy Living's petition to annul, for redemption and cancellation of tax sale was instituted within the time period specified in La. R.S. 47: 2287. In light of Eclectic failing to duly notify Andrew Wilson, Jr. of the tax sale at least six months before the termination of the redemptive period, we find that the trial court did not err by granting summary judgment in favor of Easy Living, and in annulling the May 17, 2018 judgment that confirmed and quieted the tax sale title.

**AFFIRMED**