PAUL A. BONIN, Judge.
I,Tanya Smith purchased immovable property in New Orleans at a tax sale after Nolan Brumfield, the owner of the property, failed to pay the ad valorem taxes for the 2008 tax year. During the redemptive period, Ms. Smith received two notices from the City of New Orleans threatening her with fines and other enforcement action if she did not remediate the unoccupied and apparently blighted property. In response, Ms. Smith obtained an ex parte writ of possession from the district court and made repairs to the property. The City nonetheless took enforcement action, imposed a fine, and declared the property blighted.
Prior to the expiration of the redemptive period, however, Mr. Brumfield tendered the past due taxes with interest and costs, and obtained a certificate of redemption. Notwithstanding Ms. Smith’s writ of possession, Mr. Brumfield then took actual possession of the property. Mr. Brumfield did not reimburse Ms. Smith for any of the funds that she expended to repair the property.
Ms. Smith instituted suit against Mr. Brumfield and others in which she sought inter alia injunctive relief by which she would possess the property and |2prohibit Mr. Brumfield’s occupancy and possession until Ms. Smith was fully reimbursed or otherwise able to acquire title to the property. Mr. Brumfield answered the suit and sought injunctive relief against Ms. Smith to prohibit her possession and occupancy of the property. On May 30, 2013, the trial judge denied Ms. Smith’s request for a preliminary injunction, and, on July 8, 2013, the trial judge granted a preliminary injunction in favor of Mr. Brumfield. Ms. Smith timely appealed both judgments.[1] See La. C.C.P. art. 3612 C. See *73 also Smith v. Brumfield, unpub., 13-0928 (La.App. 4 Cir. 7/2/13).
Because Ms. Smith has not shown irreparable harm in the absence of injunctive relief or a likelihood of success at the trial on the merits, we conclude that the trial judge did not abuse her discretion in denying injunctive relief to Ms. Smith. We therefore affirm the trial court’s rulings and explain our decision in greater detail below.[2]
I
We turn in this Part to describe the facts underlying this controversy.
Is ^
Mr. Brumfield acquired the residential property located at 12941 Parlange Court in New Orleans in 2004. Mr. Brumfield, however, did not pay his ad valorem taxes for 2008, and the property was sold at tax sale to Ms. Smith. On December 3, 2009, the City’s Finance Director executed a Tax Sale Deed to Ms. Smith upon her payment of the full amount of the delinquent taxes, interest, penalties, and costs due for that property. Notably, the Tax Sale Deed in bold print and capital letters set forth: “This sale shall be redeemable for a period of three (3) years, or for eighteen months (18) months if blighted or abandoned, from the filing and recordation date of this deed in the parish conveyance office.” (emphasis added). The recordation date shown on the instrument is February 9, 2010.
On February 8, 2013, the Finance Director issued a Certificate of Redemption to Mr. Brumfield which stated that Mr. Brumfield had deposited the full amount of taxes, interest, penalties and costs due for the years of 2008 through 2013 with the City of New Orleans’ Tax Collector. Mr. Brumfield re-took actual possession of the property the next day.
During the period between the date of the tax sale and the issuance of the redemption certificate, the property became the subject of code enforcement for public health, housing, and environmental violations. On July 22, 2011, the City issued two notices at the property’s address to Mr. Brumfield commanding him to appear at a hearing on August 31, 2011. The record neither indicates whether Mr. Brumfield received notice of the hearing, nor what action, if any, occurred on that | ¿date. On August 31, 2011, however, Ms. Smith did accept service for the same two notices regarding a hearing date scheduled for November 11, 2011. Again, the record neither indicates whether Mr. Brumfield received notice of the November hearing, nor what action, if any, occurred on that date.
Reacting to these threats of enforcement action against the property, Ms. Smith applied to the district court on October 13, 2011 for an ex parte writ of possession *74 under the authority of La. R.S. 47:2158 A. Initially, the district judge denied that application as premature. An attorney was then appointed to represent Mr. Brum-field, who was identified in the application as an “absentee.” Subsequently, on February 13, 2012, the district judge ordered that a writ of possession issue to Ms. Smith.
Ms. Smith, by affidavit, states that she incurred about $20,000 in expenses in remediation of the property stemming from the installation of a new roof and removal of pervasive mold infestation, weeds, overgrown grass, and dead trees. Despite these efforts, the City’s code enforcement bureau still rendered an administrative judgment on May 15, 2012 declaring the property both blighted and a public nuisance and assessing fines and costs against Mr. Brumfield.
B
On March 26, 2013, Ms. Smith filed a supplemental and amended petition praying for injunctive relief, but did not specify the relief to which she claimed to be entitled. Her affidavit in support of her application for a preliminary injunction asserted that Mr. Brumfield intentionally disregarded the writ of possession issued 15by the trial judge when he took actual possession of the property. Additionally, Ms. Smith’s reply to Mr. Brumfield’s memorandum in opposition to her motion for preliminary injunction contends that La. C.C.P. art. 3663 allows for the trial judge to grant her injunctive relief to maintain possession of the property without a showing of irreparable harm.
The trial judge denied Ms. Smith’s motion for preliminary injunction on May 30, 2013 and granted Mr. Brumfield’s motion for preliminary injunction on July 8, 2013. The trial judge enjoined, restrained, and prohibited Ms. Smith from entering the property or interfering with Mr. Brum-field’s ownership and/or possessory rights in the property. Ms. Smith timely filed a motion for devolutive appeal to this Court on July 10, 2013.
II
In this Part, we address the requirements for the issuance of a preliminary injunction and the standard by which we review a trial judge’s decision to grant or deny preliminary injunctive relief.
“A preliminary injunction is an interlocutory procedural device designed to preserve the status quo as it exists between the parties, pending trial on the merits.” Elysian Fields Church of Christ v. Dillon, 08-0989, p. 6 (La.App. 4 Cir. 3/18/09), 7 So.3d 1227, 1231. A “court may hear an application for a preliminary injunction ... upon the verified pleadings or supporting affidavits, or may take proof as in ordinary cases.” La. C.C.P. art. 3609. “A preliminary injunction shall not issue | ¿unless notice is given to the adverse party and an opportunity had for a hearing.” La. C.C.P. art. 3602.
“The prima facie standard of proof to obtain a preliminary injunction is ‘less than that required for a permanent injunction.’ ” Dillon, 08-0989 at p. 6, 7 So.3d at 1231 (quoting Historic Restoration, Inc. v. RSUI Indem. Co., 06-1178, p. 11 (La.App. 4 Cir. 3/21/07), 955 So.2d 200, 208). Ordinarily, to prevail in the trial court on a petition for preliminary injunction, the petitioner is required to establish by prima facie evidence that: (1) she will suffer irreparable injury, loss, or damage if the motion for preliminary injunction is not granted;[3] and (2) she is entitled to a *75 preliminary injunction through at least a showing that she will likely prevail on the merits of the case. See General Motors Acceptance Corp. v. Daniels, 377 So.2d 346, 348 (La.1979). See also Historic Restoration, 06-1178 at p. 11, 955 So.2d. at 208; La. C.C.P. art. 3601.
“An appeal may be taken as a matter of right from an order or judgment relating to a preliminary ... injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.” La. C.C.P. art. 3612 B. “An appeal from an order or judgment relating to a 17preliminary injunction must be taken, and any bond required must be furnished within fifteen days from the date of the order or judgment.” La. C.C.P. art. 3612 C.
“A trial court has broad discretion in the granting or denial of a preliminary injunction, and will not be disturbed on review absent a clear abuse of that discretion.” Yokum v. Pat O’Brien’s Bar, Inc., 12-0217, p. 6 (La.App. 4 Cir. 8/15/12), 99 So.3d 74, 80 (citing Smith v. West Virginia Oil & Gas Co., 373 So.2d 488, 493 (La.1979)) (internal quotations omitted). “This broad standard is, of course, based upon the conclusion that the trial court committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding that was necessary to the proper exercise of its discretion.” Id., 12-0217 at p. 7, 99 So.3d at 80 (citing South East Auto Dealers Rental Ass’n, Inc. v. EZ Rent to Own, Inc., 07-0599, pp. 4-5 (La.App. 4 Cir. 2/27/08), 980 So.2d 89, 93).
Ill
In this Part, we address Ms. Smith’s failure to establish that she will suffer irreparable harm in the absence of injunc-tive relief.
In order to prove that irreparable harm will befall a party from the non-issuance of a preliminary injunction, the petitioning party must show that “money damages cannot adequately compensate for the injuries suffered and the injuries ‘cannot be measured by pecuniary standards.’ ” Historic Restoration, 06-1178 at p. 11, 955 So.2d at 208 (quoting Saunders v. Stafford, 05-0205, p. 6 (La.App. 4 Cir. 1/11/06), 923 So.2d 751, 754). “[M]ere inconvenience is not enough to show irreparable injury needed for the issuance of a preliminary injunction.” Hobbs v. Gorman, 595 So.2d 1264, 1266 (La.App. 4th Cir.1992). An award of damages, not injunctive relief, is the traditional remedy for harm that does not involve irreparable injury. Id.
We here emphasize that injunctive relief is an equitable remedy. And an equitable remedy is ordinarily only available when a party has no adequate legal remedy. Cf. West v. Town of Winnsboro, 252 La. 605, 211 So.2d 665, 670 (1967) (on rehearing) (“By adequate remedy at law is meant one which is as speedy, efficient, and complete as the remedy in equity.”). See also C. Napco, Inc. v. City of New *76 Orleans, 06-0603, p. 6 (La.App. 4 Cir. 3/7/07), 955 So.2d 155, 160 (“An injunction is a harsh, drastic remedy that should only issue where the petitioner is threatened with irreparable harm and has no adequate remedy at law.”).
The primary relief which Ms. Smith seeks in her suit is monetary reimbursement for her expenses incurred in the preservation of the property. She strives to achieve that result through an injunction that provides her with continued possession of the immovable property until reimbursement. The legislature, however, has specifically provided a legal remedy to protect tax sale purchasers who must expend money to avoid code enforcement actions against such property — a writ of possession. See La. R.S. 47:2158 A (“When necessary to comply with an order of a political subdivision for the purpose of enforcing property standards ..., the judge shall grant ex parte an order of seizure and possession, commanding the sheriff to seize the property and place the purchaser in actual possession.”). This allows for the tax sale purchaser to take possession of the | ¡property in order to make necessary repairs called for by the political subdivision’s property standards. Ms. Smith obtained a writ of possession and, according to her affidavit filed in support of her motion for a preliminary injunction, took possession of the property and incurred expenses while performing repairs.
The statute also provides a means whereby the reimbursement of the tax sale purchaser’s expenses can be secured. A tax sale purchaser can acquire a privilege on the property for the costs of complying with the order of a political subdivision. See La. R.S. 47:2158 B. A privilege is “a right, which the nature of the debt gives to a creditor, and which entitles him to be preferred before other creditors, even those who have mortgages.” La. Civil Code art. 3186. In order to preserve that statutory privilege, the purchaser must file her writ of possession with the recorder of mortgages of the parish in which the property is located within fifteen days after its issuance. See La. R.S. 47:2158 B. “The effect of recordation shall cease one year after the date of filing the writ of possession, unless a statement of privilege referencing the writ and detailing the costs is filed with the recorder of mortgages before the expiration of one year from the date of filing the writ.” La. R.S. 47:2158 B. “[T]he effect of recordation shall cease one year after the date of filing the statement of privilege, unless a suit to enforce the privilege and a notice of lis pendens is filed with the recorder of mortgages prior to the cessation of the effects of recordation.” La. R.S. 47:2158 B.
The legislature has also provided tax sale purchasers in the city of New Orleans with an additional remedy. “[I]n the city of New Orleans, if a tax sale 11ftpurchaser has made improvements to abandoned or blighted property, as defined in [La.] R.S. 19:136.1, in order to bring the property into compliance with one or more municipal code ordinances prior to the property being redeemed, the person redeeming the property shall reimburse the tax sale purchaser for the costs of improvements required to bring the property into compliance with any such ordinances.” La. R.S. 47:2161 B(l). “In order to receive reimbursement for the costs of [these] improvements, the tax sale purchaser shall be required to file an affidavit and receipts in the mortgage records of the parish documenting the costs of such improvements within sixty days after receiving notice of redemption.” La. R.S. 47:2161 B(2). “The maximum amount of reimbursement for improvements shall be fifteen hundred dollars for abandoned property and three *77 thousand dollars for blighted property.” La. R.S. 47:2161 B(l). “The failure by a person redeeming property to reimburse a tax sale purchaser for improvements made [under La. R.S. 47:2161 B(l) ] shall not terminate or otherwise impair in any way the right of any such person to redeem his property.” La. R.S. 47:2161 B(3).
Thus, it is clear that the legislature, in providing for the writ of possession, has created a specific legal remedy to afford protection to tax sale purchasers who expend money to remediate blight conditions under threat of enforcement action. Ms. Smith actually obtained a writ of possession.[4] The statutory remedy or the remedy at law which is provided is as speedy, efficient, and complete as the |nremedy in equity which Ms. Smith has pursued. See West, 211 So.2d at 670. The statutory remedy provided to protect expenditures on property subject to a tax sale is certain and reasonably prompt. Id. at 671. Thus, we conclude that Ms. Smith had an adequate remedy at law. Because Ms. Smith had an adequate remedy other than in-junctive relief, she has not shown any irreparable harm and is not entitled to the issuance of a preliminary injunction.
IV
In this part, we examine Ms. Smith’s failure to make a prima facie showing of a likelihood of success on the merits. Ms. Smith contends that she is entitled to confirm her tax title because Mr. Brumfield was not entitled" to redeem his property. As she is unlikely to succeed on the merits of this claim at trial, she is not entitled to the issuance of a preliminary injunction.
A
A “redemptive period” is the time “period in which a person may redeem property as provided in the Louisiana Constitution.” La. R.S. 47:2122(11). “The property sold [for non-payment of taxes] shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption.” La. Const. art. VII, § 25 B(l). See also La. R.S. 47:2243; La. R.S. 47:2244.
112The constitution currently provides only one exception to the three year redemptive period.[5] The exception, exclusively limited to residential or commercial property in New Orleans, reduces the redemptive period to eighteen months when the property sold at tax sale “is abandoned property as provided by [La.] R.S. 33:4720.12(1) or blighted property as defined by Act 155 of the 1984 Regular Session.” La. Const. art. VII, § 25 B(2).[6]
*78 “All redemptive periods provided in the Louisiana Constitution are peremptive.” La. R.S. 47:2241. See also Hards v. Estate of Fuller, 532 So.2d 1367, 1371 (La.1988). “Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the per-emptive period.” La. Civil Code art. 3458. “Peremption may not be renounced, interrupted, or suspended.” La. Civil Code art. 3461. “Peremption differs from prescriptive [periods] in two respects: (1) the expiration of the peremptive time period destroys the cause of action itself; and (2) nothing may interfere with the running of a peremptive time period.” Naghi v. Brener, 08-2527, p. 11 (La.6/26/09), 17 So.3d 919, 926.
|isln order to determine whether the property qualifies for this shortened redemptive period, we look to those definitions incorporated into Section 25 B(2) by reference. La. R.S. 33:4720.12(1) defined “abandoned property” as “immovable property that has been adjudicated to a political subdivision for nonpayment of taxes, and which property is vacant or not lawfully occupied.” Act 155 defined “blighted property” as “those premises which have been declared vacant, uninhabitable, and hazardous by the Department of Safety and Permits of the city of New Orleans.” 1984 La. Acts no. 155. There is nothing in the record to support a finding that this property is “abandoned” within the meaning of the constitutional provision. The property, according to the judgment, was declared “blighted” and a public nuisance though on May 15, 2012.
In order to prevail at the trial on the merits, Ms. Smith must establish that, by the time Mr. Brumfield obtained his certificate of redemption on February 8, 2013, his right to redeem had already been perempted by the passage of time. A judgment declaring the property as “blighted,” however, does not automatically retroactively shorten Mr. Brumfield’s redemptive period from three years to eighteen months from the date of recordation of the tax sale deed by Ms. Smith. In Padilla v. Schwartz, 'this Court held that property sold at a tax sale for nonpayment of ad valorem taxes was subject to a three year redemptive period. This Court found that, for the eighteen month redemptive period provided in Section 25 B(2) to apply, the sale of the property would “have to occur under the statutory authority governing sales of blighted property.” 06-1517, p. 7 (La.App. 4 Cir. 3/11/09), 11 So.3d 6, 12. Whether the eighteen month redemptive period is restricted in its application to sales stemming from designations of property as “blighted” or “abandoned” is immaterial to this appeal. We need only align with the reasoning of Padilla insofar as holding that property must be declared “abandoned” or “blighted” prior to its sale in order for the eighteen-month redemptive period provided for in La. Const. art. VII, § 25 B(2) to apply. Retroactive shortening of peremptive periods in which tax debtors may redeem their property would be excessively punitive to tax debtors and run in contravention to the law’s preference that property sold for nonpayment of taxes be redeemed by the tax, debtor. See Harris v. Guardian Funds, Inc., 425 So.2d 1322, 1326 (La.App. 4th Cir.1983). Additionally, an adjustment of this sort would only serve to incentivize tax sale purchasers to allow property purchased at tax sale to further fall into disrepair.
Ms. Smith also asserts that La. R.S. 13:2575 C(2) denies any right of re *79 demption to Mr. Brumfield. This statute, however, is not applicable in this case. La. R.S. 18:2575 C(2) provides: “Failure to pay the liens shall cause the immovable property in or on which the violation occurred to be subject to the same provisions of law as govern tax sales of immovable property when the immovable property has been declared blighted or a public nuisance by an administrative hearing officer ..., the property owners and other parties having interest in the property shall not have a right of redemption.” This statute only arises from a property owner’s failure to pay liens stemming from civil fines prescribed for | ^blighted or abandoned property or violations of other ordinances created pursuant to La. R.S. 13:2575 AQL).
Mr. Brumfield’s property was sold for nonpayment of taxes on the property prior to its designation as “blighted” or as a public nuisance. The plain language of the constitution requires that the property be blighted, that is, under an adjudication of blight, at the time of its sale. See La. Const, art. VII, § 25 B(2) (“[W]hen such property sold is residential or commercial property which is abandoned property as provided by [La.] R.S. 33:4720.12(1) or blighted property as defined by Act 155 of the 1984 Regular Session [of the Louisiana Legislature].”), (emphasis added).
Because the property was not abandoned or blighted at the time of the tax sale to Ms. Smith, the shortened redemptive period of eighteen months is inapplicable. Thus, the redemptive period was three years from the recordation of the tax sale.
B
Here, the record shows that Mr. Brumfield timely exercised his right to redeem his property and obtained his certificate of redemption within the three-year period.[7] Ms. Smith would only be entitled to confirm her tax title if the redemptive period lapsed without Mr. Brumfield having redeemed his property. “If the tax sale property is not redeemed within the redemptive period, then at the | ^termination of the redemptive period, tax sale title transfers to its holder ownership of the tax sale property, free of ownership and other interests,- claims, or encumbrances held by all duly notified persons.” La. R.S. 47:2121 C(Z) (emphasis added). “After expiration of the redemptive period, an acquiring person may institute an ordinary proceeding against the tax sale parties whose interests the petitioner seeks to be terminated.... The suit shall be brought in the parish in which the property is located.” La. R.S. 47:2266 A(l) (emphasis added). See also La. R.S. 47:2121 B.
But once the property owner timely redeems his property, the rights of the tax sale purchaser to the ownership or possession of the property are dissolved.[8] The tax sale purchaser, however, is entitled to be promptly paid the redemption payment. *80 See La. R.S. 47:2243. The tax sale purchaser is also entitled to reimbursement from the property owner for the costs of improvements required to bring the property into compliance with municipal ordinances, see La. R.S. 47:2158 B; La. R.S. 47:2161 B(l), and may enforce any privilege that she may have perfected on the property. See La. R.S. 47:2158 B. But this is the extent of the tax sale purchaser’s rights.
The writ of possession, insofar as it allows for actual possession of the property by the tax sale purchaser, is necessarily by operation of law dissolved upon the issuance of the certifícate of redemption. Consequently, Ms. Smith’s 117reliance upon the writ of possession as the basis for excluding Mr. Brumfield from his property post-redemption is insupportable. Her success at the trial on the merits in showing that the peremptive period to redeem lapsed prior to Mr. Brumfield’s obtaining the certificate of redemption such that she would be able to confirm her tax title is unlikely. Because she is unlikely to prevail on these issues at the trial on the merits, she is not entitled to the issuance of a preliminary injunction.
CONCLUSION
Ms. Smith has not shown that the trial judge abused her discretion in denying her motion for a preliminary injunction. Because Ms. Smith had a legal remedy available to her to secure the repayment or reimbursement of funds expended to remediate the property, she cannot make a prima facie showing of irreparable harm on that claim. Additionally, because Mr. Brumfield timely redeemed his property, she cannot make a prima facie showing that she is likely to prevail at the trial on the merits that she is entitled to the ownership of the property. Thus, we find that the trial judge did not abuse her discretion in denying the preliminary injunction sought by Ms. Smith.
DECREE
The interlocutory judgment rendered on May 30, 2013 denying the request of Tanya Smith for a preliminary injunction is affirmed. The interlocutory judgment rendered on July 8, 2013 granting the request of Nolan Brumfield for a | ^preliminary injunction is also affirmed. All costs of this appeal are taxed to appellant, Tanya Smith. See La. C.C.P. art. 2164.
AFFIRMED.

. Mr. Brumfield has filed peremptory exceptions of no cause of action and no right of action collaterally. See La. C.C.P. art. 927(5),(6). These were not filed for the first *73 time in our Court and had been previously denied by the trial court. Mr. Brumfield did not appeal those denials or include them in his answer to Ms. Smith’s appeal. We therefore do not consider his peremptory exceptions.

. In her written argument, Ms. Smith focuses solely on the trial judge’s denial of her request for injunctive relief and did not directly assert any error stemming from the decision to grant injunctive relief to Mr. Brumfield. Ms. Smith’s argument explicitly assumes that if she establishes her entitlement to injunctive relief the injunctive relief granted to Mr. Brumfield would necessarily be vacated. Because we hold that the trial judge did not abuse her discretion in denying Ms. Smith's petition for preliminary injunction and Ms. Smith has not specified any independent error in the issuance of the preliminary injunction at Mr. Brumfield's request, we do not consider the merits of the trial judge’s decision to grant Mr. Brumfield's preliminary injunction.

. There are exceptions to the irreparable harm requirement set forth in Article 3601. *75 For example, a showing of irreparable injury is not required in cases where the conduct sought to be restrained is unlawful, such as when the conduct constitutes a direct violation of a prohibitory law. See Asaro v. City of New Orleans, 10-0572, p. 3 (La.App. 4 Cir 12/22/10), 54 So.3d 1214, 1217. Ms. Smith specifically claims that she is entitled to a preliminary injunction without a showing of irreparable harm because this is a possessory action. See La. C.C.P. art. 3663(1). Without deciding whether Ms. Smith’s action qualifies as a possessory action, we note that, based upon the record, she did not possess for more than a year immediately prior to the disturbance and thus could not successfully maintain a possessory action. See La. C.C.P. art. 3658(2).

. We are uncertain from the record whether Ms. Smith took the additional steps necessary to effect her security interest in the property. Whether she did or did not is of no legal consequence; it is the availability of the remedy and not a party’s availing herself of the remedy which is of legal consequence in the context of the equitable remedy of injunctive relief.

. The legislature in the 2013 Regular Session passed a proposed amendment to add Subsection B(3) to Section 25, which will be included in the constitution subject to its passage by a majority of the electors at the statewide election on November 4, 2014. 2013 La. Acts no. 436. The amendment provides for shortened redemptive periods for property other than in the city of New Orleans which is declared blighted or abandoned. This amendment provides definitions for abandoned and blighted different from those listed in Subsection B(2).

.La. Const, art. VII, § 25 B(2) states:
In the city of New Orleans, when such property sold is residential or commercial property which is abandoned property as provided by [La.] R.S. 33:4720.12(1) or blighted property as defined by Act 155 of the 1984 Regular Session [of the Louisiana Legislature], it shall be redeemable for eigh *78 teen months after the date of recordation of the tax sale by payment subject to the same payment of costs, penalties, and interest set forth in [La. Const, art. 7, § 25 B(l) ].

. "If redeemed, the person redeeming shall pay all statutory impositions assessed upon the property subsequent to the tax sale." La. R.S. 47:2161 A. “The tax collector shall promptly remit the redemption payment to the tax sale purchaser; the register shall promptly deposit the redemption payment in the state treasury.” La. R.S. 47:2243. "Upon payment of the redemption costs, the tax collector shall issue a redemption certificate in the name of the tax debtor.” La. R.S. 47:2245.

. See La. Civil Code art. 2567 (relative to conventional sales with the right of redemption "which is the right to take back the thing from the buyer”). "When the right to redeem is exercised it effects a dissolution of the sale and of the transfer of the property which was the consequence of it.” La. Civil Code art. 2567 cmt. (c).