NGA 911, LLC

VERSUS

ORLEANS PARISH
COMMUNICATION DISTRICT

\* NO. 2022-CA-0458

\*

\* COURT OF APPEAL

\* FOURTH CIRCUIT

\* STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-10884, DIVISION "F-14"
Honorable Jennifer M Medley
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge
Tiffany Gautier Chase)

Murphy James Foster, III
Carroll Devillier, Jr.
David C. Fleshman
Kelsey A. Clark
BREAZEALE SACHSE & WILSON, LLP
One American Place, 23rd Floor
Baton Rouge, LA 70821

    COUNSEL FOR PLAINTIFF/APPELLEE


Benjamin M. Chapman
LAFLEUR & LABORDE, L.L.C.
6160 Perkins Road, Suite 225
Baton Rouge, LA 70808

Juan J. Lizarraga
LAFLEUR & LABORDE, L.L.C.
620 Andrew Higgins Boulevard, Suite 2012
New Orleans, LA 70130

    COUNSEL FOR DEFENDANT/APPELLANT

**REVERSED AND REMANDED**
**DECEMBER 8, 2022**

Orleans Parish Communications District (hereinafter "OPCD") seeks review of the trial court's April 12, 2022 judgment granting the petition for preliminary injunction filed by NGA 911, LLC (hereinafter "NGA"). After consideration of the record before this Court, and the applicable law, we reverse the judgment of the trial court and remand the matter for further proceedings.

<u>**Facts and Procedural History**</u>

The underlying facts of this case have been previously articulated by this Court:

> On August 20, 2020, OPCD entered into a Master Service Agreement [] with AT&T Corp. ([hereinafter] "AT&T") for the modernization of its existing 9-1-1 emergency communication infrastructure. On December 21, 2020, NGA filed a petition for preliminary and permanent injunction and declaratory judgment. NGA sought to enjoin and nullify the contract between OPCD and AT&T. The petition alleged that OPCD violated Louisiana Public Bid Law by awarding a public contract to AT&T without a competitive bid.

*NGA 911, LLC v. Orleans Par. Commc'n Dist.*, 2021-0287, p. 1 (La.App. 4 Cir. 1/27/22), 337 So.3d 984, 987. This Court found the trial court erred in cumulating the actions for preliminary and permanent injunctive relief, granting a permanent injunction absent a full evidentiary hearing and granting declaratory relief. *Id.*,

2021-0287, pp. 12-13, 337 So.3d at 993. After vacating the trial court's previous judgment granting the petition for preliminary injunction, this Court remanded the matter for further proceedings. *Id.*, 2021-0287, p. 13, 337 So.3d at 993.

On February 4, 2022, NGA filed a "motion to set expedited hearing on preliminary injunction." NGA once again sought to enjoin the contract between OPCD and AT&T on the grounds that the contract was awarded in violation of Louisiana Public Bid Law pursuant to La. R.S. 38:2212, *et seq.*, or alternatively, violated the request for proposals outlined in La. R.S. 38:2234 through 2237. The matter was heard by the trial court on March 18, 2022. By judgment dated April 12, 2022, the trial court granted NGA's petition for preliminary injunction and prohibited OPCD "from proceeding forward with the terms and conditions of the AT&T Agreement until such time as the [petition for permanent injunction and declaratory judgment] filed by Plaintiff [NGA] is decided." This appeal followed.[1]

## Assignments of Error

On appeal, OPCD asserts two assignments of error: (1) the trial court erred in granting NGA's request for preliminary injunctive relief; and (2) the trial court erred in finding that the AT&T contract is subject to the Louisiana Public Bid Law. We find the dispositive issue to be whether the trial court erred in granting the preliminary injunction filed by NGA as the issue of whether the AT&T contract is subject to the Louisiana Public Bid Law was not yet determined by the trial court.

---

[1] On March 21, 2022, OPCD filed a motion for suspensive appeal. NGA opposed the motion and the trial court granted the suspensive appeal on April 27, 2022. NGA subsequently filed for supervisory review with this Court seeking review of the trial court's order granting the suspensive appeal. On June 27, 2022, this Court granted the writ application "[b]ecause the trial court's *per curiam* acknowledges that a notice of suspensive appeal was issued in error." *NGA 911, LLC v. Orleans Parish Communication District*, 2022-C-0420 (La.App. 4 Cir. 6/27/22). Thus, this Court ordered the trial court to issue an amended notice of devolutive appeal of its April 12, 2022 judgment. *Id.*

2

Therefore, our analysis will focus on the trial court's decision to grant the preliminary injunction.

### Standard of Review

A trial court's ruling on a preliminary injunction "will not be disturbed on review absent clear abuse of [] discretion." *Downtown Dev. Dist. of City of New Orleans v. City of New Orleans*, 2018-0726, p. 15 (La.App. 4 Cir. 5/8/19), 272 So.3d 917, 929 (quoting *Harvey v. State*, 2014-0156, p. 20 (La.App. 4 Cir. 12/16/15), 183 So.3d 684, 700). This broad abuse of discretion is based upon the trial court's ruling involving no error of law and not being manifestly erroneous or clearly wrong in its factual findings "necessary to the proper exercise of its discretion." *NGA 911, LLC v. Orleans Par. Commc'n Dist.*, 2022-0049, p. 3 (La.App. 4 Cir. 9/15/22), 348 So.3d 839, 841.

### Preliminary Injunction

"A preliminary injunction is an interlocutory procedural device designed to preserve the status quo as it exists between the parties, pending trial on the merits." *Faubourg Marigny Improvement Ass'n, Inc. v. City of New Orleans*, 2015-1308, p. 12 (La.App. 4 Cir. 5/25/16), 195 So.3d 606, 615 (citations omitted). "In order for a plaintiff to meet his burden of proof at a hearing on a preliminary injunction, he must make a *prima facie* showing that he will prevail at the trial on the permanent injunction." *Yokum v. Pat O'Brien's Bar, Inc.*, 2012-0217, p. 7 (La.App. 4 Cir. 8/15/12), 99 So.3d 74, 80 (citing La. C.C.P. art. 3601) (citation omitted). The *prima facie* standard in a preliminary injunction is less that what is required to be shown for a permanent injunction. *Smith v. Brumfield*, 2013-1171, p. 6 (La.App. 4 Cir. 1/15/14), 133 So.3d 70, 74 (citations omitted).

A preliminary injunction may be issued upon a showing by the plaintiff that "(1) it will suffer irreparable injury, loss, or damage if the injunction is not issued; (2) it is entitled to the relief sought; and (3) it will likely prevail on the merits of the case." *A.P.E., Inc. v. City of New Orleans*, 2013-1091, p. 5 (La.App. 4 Cir. 1/15/14), 132 So.3d 475, 478 (citation omitted). Irreparable injury is shown when "money damages cannot adequately compensate for the injuries suffered and the injuries 'cannot be measured by pecuniary standards.'" *Smith*, 2013-1171, p. 7, 133 So.3d at 75 (quoting *Historic Restoration, Inc. v. RSUI Indem. Co.*, 2006-1178, p. 11 (La.App. 4 Cir. 3/21/07), 955 So.2d 200, 208. However, there is an exception to the irreparable injury requirement:

> A petitioner is entitled to injunctive relief without the requisite showing of irreparable injury when the conduct sought to be restrained is unconstitutional or unlawful, i.e., when the conduct sought to be enjoined constitutes a direct violation of a prohibitory law and/or a violation of a constitutional right. Once a plaintiff has made a *prima facie* showing that the conduct to be enjoined is reprobated by law, the petitioner is entitled to injunctive relief without the necessity of showing that no other adequate legal remedy exists.

*Jurisch v. Jenkins*, 1999-0076, p. 4 (La. 10/19/99), 749 So.2d 597, 599 (internal citations omitted).

NGA contends that OPCD's argument is based on the flawed proposition that it was required to establish irreparable injury in order to obtain a preliminary injunction. NGA asserts that there is no need for a showing of irreparable injury when there is a violation of a law. According to NGA, OPCD violated the Louisiana Public Bid Law. Specifically, under public bid law, when entering into a public work contract, OPCD is required to procure the contract through either a public bid process or through a request for proposals. *See* La. R.S. 38:2212, *et seq.* As a threshold matter, and before we can consider the correctness of the trial

court's ruling on the granting of the preliminary injunction, we must first determine whether the trial court made a finding of whether this is a contract for public work or a public service contract.

Our Supreme Court has held that the public bid law applies to a contract for public work and not a public service contract. *American Waste and Pollution Control Co. v. Madison Parish Police Jury*, 488 So.2d 940, 944 (La. 1986); *Wallace Stevens, Inc. v. Lafourche Par. Hosp. Dist. No. 3*, 323 So.2d 794 (La. 1975). A public work is defined as "the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity." La. R.S. 38:2211(A)(13). OPCD's contract with AT&T is entitled "AT&T Multi-Service Agreement;" however, the issue of whether the contract is one for a public work or public service was not determined by the trial court. Although NGA is required to make a *prima facie* showing that it will prevail at the trial on the permanent injunction, we find the trial court erred in granting the preliminary injunction without first establishing the category of the AT&T contract. We recognize that the applicability of the Louisiana Public Bid Law will be determined at the trial on the merits of the permanent injunction and declaratory judgment. Nonetheless, the trial court must first determine the nature of the contract at issue. We find the trial court abused its discretion in granting the preliminary injunction and finding NGA met its burden of proof without first determining whether the AT&T contract is a contract for public work or a public service contract.

**<u>Decree</u>**

For the foregoing reasons, we reverse the judgment of the trial court granting NGA's petition for preliminary injunction and remand the matter for further proceedings.

**REVERSED AND REMANDED**