ANDREW AUGUST FANK, JR.     *     NO. 2023-C-0068

VERSUS     *

EAGLE, INC., ET AL.     *     COURT OF APPEAL

    FOURTH CIRCUIT

    * 

    STATE OF LOUISIANA

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-10108, DIVISION "B"
Honorable Richard G. Perque, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins)

Mickey P. Landry
Frank Joseph Swarr
Matthew C. Clark
LANDRY & SWARR, LLC
1100 Poydras Street, Suite 2000
New Orleans, LA 70163

Jeffrey A. O'Connell
Ryan Phillips
Jeffrey J. Conway
THE NEMEROFF LAW FIRM
8226 Douglas Avenue, Suite 740
Dallas, TX 75225

        COUNSEL FOR PLAINTIFF/RESPONDENT

Jade M. Wandell
Karina Shareen
TAYLOR, WELLONS, POLITZ & DUHE, LLC
1555 Poydras Street, Suite 2000
New Orleans, LA 70112

        COUNSEL FOR DEFENDANTS/RELATORS

                       **WRIT GRANTED;
RELIEF DENIED
February 7, 2023**

This is an asbestos exposure case. The Relators, The Continental Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA ("the Insurers")—alleged insurers of dissolved corporation, Dixie Machine Welding & Metal Works, Inc. ("Dixie Machine")—seek expedited review of the trial court's December 28, 2022 judgment denying their peremptory exception of peremption. The Insurers also request a stay of the proceedings pending resolution of this writ application. For the following reasons, we grant the Insurers' writ application, but deny their requested relief.

## FACTUAL AND PROCEDURAL BACKGROUND

The Respondent, Andrew August Fank, Jr., alleges he sustained damages from asbestos inhalation during his employment at the Amax Nickel Refinery beginning in 1974 until his retirement in 2000. Mr. Fank filed suit in 2021. He added the Insurers as defendants in 2022 on the basis that they allegedly insured Dixie Machine for several years in the 1970s and 1980s. Mr. Fank asserted that Dixie Machine contractors working at the Amax Nickel Refinery exposed him to asbestos fibers throughout his employment.

The Insurers filed a peremptory exception of peremption. The Insurers claimed that Dixie Machine dissolved in 2016. Pursuant to La. R.S. 12:1-1407(C),

which establishes a three-year peremptive period for claims against a dissolved corporation, they argued that Mr. Fank's claims against Dixie Machine were extinguished by peremption in 2019. Because their alleged liability to Mr. Fank is based solely on their alleged insurance contracts with Dixie Machine, the Insurers contended that Mr. Fank's claims against them likewise were extinguished in 2019. The Insurers attached to their exception Dixie Machine's articles of dissolution, filed with the Secretary of State in July 2016, and notices of dissolution published in the *Baton Rouge Advocate* and the *New Orleans Times-Picayune* on August 6, 2016, and August 7, 2016, respectively. After a hearing, the trial court denied the Insurers' exception. This expedited writ application followed.

## STANDARD OF REVIEW

The objection of peremption is raised by a peremptory exception. La. C.C.P. art. 927(A)(2). When a peremptory exception involves the interpretation of a statute, it is a legal question that is reviewed *de novo*. *Duvio v. Specialty Pools Co., LLC*, 15-0423, p. 12 (La. App. 4 Cir. 6/16/16), 216 So.3d 999, 1009 (citing *Chapital v. Harry Kelleher & Co.*, 13-1606, p. 6 (La. App. 4 Cir. 6/4/14), 144 So.3d 75, 82). When evidence is introduced at the hearing on the peremptory exception of peremption, the trial court's findings of fact are reviewed under the manifest error or clearly wrong standard of review. *Id.* (citing *Lomont*, 14–2483, p. 8, 172 So.3d at 627). "Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. But, if prescription [or peremption] is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed." *Lomont*, 14-2483, p. 7, 172 So.3d at 627 (citing *Rando*, 08-1163, p. 20, 16 So.3d at 1082). In reviewing a peremptory exception of peremption, Louisiana courts strictly construe the statute against peremption and in favor of the

3

claim that is said to be extinguished. *Succession of Lewis*, 22-00079, p. 6 (La. 10/21/22), 351 So.3d 336, 340.

## DISCUSSION

"Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." La. C.C. art. 3458. "'Peremption differs from prescriptive [periods] in two respects: (1) the expiration of the peremptive time period destroys the cause of action itself; and (2) nothing may interfere with the running of a peremptive time period.'" *Smith v. Brumfield*, 13-1171, p. 12 (La. App. 4 Cir. 1/15/14), 133 So.3d 70, 78 (quoting *Naghi v. Brener*, 08-2527, p. 11 (La. 6/26/09), 17 So.3d 919, 926); *see also* La. Civil Code art. 3461 ("Peremption may not be renounced, interrupted, or suspended.").

In their writ application, the Insurers depart from their reliance on La. R.S. 12:1-140. Rather, they argue that La. R.S. 12:147 (repealed 2014) applies to Mr. Fank's claims. Regardless, the Insurers argue that La. R.S. 12:147 likewise extinguished Mr. Fank's claims against them three years after Dixie Machine's dissolution. Mr. Fank counters that the Insurers' writ application is fatally flawed, because it relies on a repealed statute. Mr. Fank is incorrect that La. R.S. 12:147 is inapplicable.[1] Nevertheless, we find that the Insurers failed to establish that Mr. Fank's claims against Dixie Machine—and consequently, his claims against the Insurers—have been extinguished by peremption under La. R.S. 12:147(C).

---

[1] La. R.S. 12:147 was repealed in 2014 and replaced by La. R.S. 12:1-1407 before Mr. Fank filed suit. But, in long latency exposure cases, Louisiana courts apply the law in effect at the time of the substantial injury producing exposures giving rise to the plaintiff's claim. *Cole v. Celotex Corp.*, 599 So.2d 1058, 1068 (La. 1992); *Lege v. Union Carbide Corp.*, 20-0252, p. 2, --So.3d--, 2021 WL 1917784, p. **3. Mr. Fank alleges asbestos exposure from the 1970s until his retirement in 2000. Thus, La. R.S. 12:147 applies to his claims.

4

La. R.S. 12:147 establishes a three-year peremptive period for claims against a dissolved corporation. It also establishes prerequisite procedures a dissolved corporation must take to trigger the commencement of the peremptive period. La. R.S. 12:147(B). Pertinent to this writ application, La. R.S. 12:147(B) required that a dissolved corporation publish notice of its dissolution "once a week for two successive weeks in a newspaper of general circulation in the parish in which the corporation's registered office is located." Absent compliance with the procedures established by La. R.S. 12:147(B), the dissolved corporation does not obtain the benefit of the three-year peremptive period. *See* La. R.S. 12:147(A).

Despite their own argument that La. R.S. 12:147 applies, the Insurers' did not establish Dixie Machine's compliance with the prerequisite procedures of La. R.S. 12:147(B). Specifically, the Insurers attached to their peremptory exception one notice of dissolution published by Dixie Machine in two different papers on two successive days, rather than a notice of its dissolution published once a week for two successive weeks, as required by La. R.S. 12:147(B). Thus, the Insurers failed to show that the three-year peremptive period in favor of Dixie Machine commenced. Considering our mandate to strictly construe La. R.S. 12:147 against peremption and in favor of Mr. Fank's claims, we find that the Insurers failed to meet their burden of proving the peremption of Mr. Fank's claims.

### DECREE

For the foregoing reasons, we grant the writ application filed on behalf of the Insurers but deny their requested relief.

**WRIT GRANTED;**
**RELIEF DENIED**