| | | |
|---|---|---|
| **ALEXANDRA LAND &** **DEVELOPMENT, LLC** | * | **NO. 2025-CA-0216** |
| | * | |
| **VERSUS** | * | **COURT OF APPEAL** |
| | * | |
| **CITY OF NEW ORLEANS** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2025-00249, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase,
Judge Dale N. Atkins)

LOBRANO, J., CONCURS IN THE RESULT WITH REASONS

Christopher K. LeMieux
Johanna Elizabeth Lambert
Olivia D. Maynard
RIESS LeMIEUX, LLC
1100 Poydras Street, Suite 1100
New Orleans, LA 70163

   COUNSEL FOR PLAINTIFF/APPELLANT

Donesia D. Turner
CITY ATTORNEY
Corwin M. St. Raymond
CHIEF DEPUTY CITY ATTORNEY
Sean M. Markey
ASSISTANT CITY ATTORNEY
CITY OF NEW ORLEANS
1300 Perdido Street, Suite 5E03
New Orleans, LA 70112

   COUNSEL FOR DEFENDANT/APPELLEE

      **REVERSED; RENDERED;**
      **REMANDED**
      **OCTOBER 2, 2025**

Alexandra Land & Development, LLC (hereinafter "Alexandra Land") seeks review of the trial court's January 27, 2025 judgment granting the exception of lack of subject matter jurisdiction filed by the City of New Orleans (hereinafter "the City"). The judgment further dismissed Alexandra Land's petition for temporary restraining order, preliminary and permanent injunctive relief. After consideration of the record before this Court and the applicable law, we reverse the trial court's January 27, 2025 judgment granting the City's exception of lack of subject matter jurisdiction finding the trial court has subject matter jurisdiction. Additionally, as we find the record on appeal complete, Alexandra Land's petition for preliminary injunction is denied. The case is remanded to the trial court for further proceedings.

## Facts and Procedural History

In 2014, Alexandra Land acquired 1001 Howard Avenue in New Orleans, Louisiana, commonly known as Plaza Tower, a 45-story skyscraper which was built in 1969. Plaza Tower suffered extensive damage in 2005 and has never been fully renovated. The building has a storied history of neglect and hazardous conditions.

On December 10, 2024, the City's Department of Code Enforcement performed an inspection of the property and found nine code violations regarding

1

sanitation, defacement of the property and structural issues.[1] On December 11, 2024, the City issued Plaza Tower a notice entitled: "Imminent Danger Determination for Emergency Abatement." The City determined that the property was an imminent danger to public safety due to the dilapidated status of the building. The emergency abatement notice also referenced that a permit was issued to close the street surrounding Plaza Tower due to falling debris. The City concluded that the condition of the property warranted emergency abatement and approved Plaza Tower for demolition.

According to the City, it affixed the notice of emergency demolition to Plaza Tower on January 7, 2025. Alexandra Land asserts it was not aware of the notice until January 9, 2025, when the security guard located it on the property. On January 9, 2025, at 4:02 p.m., Alexandra Land filed a "Verified Petition for Temporary Restraining Order and Preliminary and Permanent Injunctive Relief" (hereinafter the "petition"). The trial court granted the motion for a temporary restraining order and set a hearing on the preliminary injunction. The City opposed the preliminary injunction and filed an exception of lack of subject matter jurisdiction, arguing that the trial court did not have jurisdiction over the matter because Alexandra Land's petition was untimely. According to the City, the emergency demolition notice was affixed to the building on January 7, 2025 at 10:00 a.m., as established by a photograph of the posting taken by a cellular phone and attached to the City's opposition to the petition.[2] The City contends that since

_____

[1] On December 19, 2024, the City issued a notice of administrative hearing regarding the code violations, which was set for January 29, 2025. The hearing was reset to April 15, 2025.

[2] The City submitted the affidavit of Jermaine Brumfield, an inspector with the Department of Code Enforcement. Mr. Brumfield attested that he posted the emergency demolition notice on the front entrance of Plaza Tower at 10:00 a.m. on January 7, 2025. He further attested that he took two photographs evidencing the posting of the emergency demolition notice: the first

2

Alexandra Land did not file the petition until 4:02 p.m. on January 9, 2025, it was outside of the 48-hour deadline set forth in La. R.S. 33:4764 and therefore untimely.[3] Alexandra Land opposed the exception arguing that it was not aware of the emergency demolition notice until January 9, 2025, sometime between 8:00 a.m. and 12:00 p.m. when its security guard found the notice posted on the property.[4]

On January 16, 2025, the trial court heard the City's exception of lack of subject matter jurisdiction. However, prior to ruling on the exception, the trial court allowed the parties to present argument and introduce evidence regarding the preliminary injunction. By judgment dated January 27, 2025, the trial court granted the exception of lack of subject matter jurisdiction and dismissed Alexandra Land's petition with prejudice. This appeal followed.

## Assignments of Error

Alexandra Land asserts three assignments of error challenging the trial court's ruling granting the exception of lack of subject matter jurisdiction. It contends the trial court erred because it did not consider: (1) whether a grave public emergency existed which would trigger the 48-hour rule in La. R.S. 33:4764; (2) whether the emergency demolition notice complied with due process because the notice did not include the time of posting; and (3) whether the proper governing authority condemned the property.

---

photograph was taken at 10:02 a.m. and the second photograph was taken at 10:03 a.m. Both photographs were submitted into the record.

[3] The City argued that the petition was filed six hours too late.

[4] Alexandra Land submitted the affidavit of Keion Williams, the security guard at Plaza Tower. Mr. Williams attested that prior to January 9, 2025 he did not see the emergency demolition notice posted on Plaza Tower. He further attested that he did not see the emergency demolition notice until January 9, 2025 between 8:00 a.m. and 12:00 p.m.

3

## **Exception of Lack of Subject Matter Jurisdiction**

Alexandra Land seeks review of the trial court's judgment granting the City's exception of lack of subject matter jurisdiction and raises three distinct reasons for reversal. However, we find the pivotal issue is properly framed as whether Alexandra Land submitted its petition for injunctive relief within the required timeframe set forth in La. R.S. 33:4764.[5]

We review a trial court's ruling on an exception of lack of subject matter jurisdiction *de novo* as the issue presents a question of law. *St. Bernard Par. Gov't Perniciaro*, 2019-0604, p. 4 (La.App. 4 Cir. 3/11/20), 364 So.3d 185, 188 (citation omitted).

"Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled." La. C.C.P. art. 1. "Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La. C.C.P. art. 2. "The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void." La. C.C.P. art. 3.

The relevant statutes at issue in this matter are La. R.S. 33:4762(C) and La. R.S. 33:4764(A), which provide, in pertinent part:

---

[5] Alexandra Land disputes whether a grave public emergency existed warranting application of La. R.S. 33:4764. We find no error to this contention considering the evidence of the deplorable condition of Plaza Tower and pretermit discussion. *See Union Planters Bank, N.A. v. City of Gonzales*, 2005-0992, p. 6 (La.App. 1 Cir. 2/10/06), 924 So.2d 272, 276.

La. R.S. 33:4762(C)

In case of grave public emergency where the condition of the building is such as to cause possible immediate loss or damage to person or property, the parish or municipal governing authority may condemn the building after twenty-four hours notice served upon the owner or his agent or the occupant and attorney at law appointed to represent the absentee owner. Any such notice may be attached to a door or main entrance of the premises or in a conspicuous place on the exterior of the premises and shall have the same effect as delivery to or personal service on the owner, occupant, or attorney at law appointed to represent the absentee owner.

La. R.S. 33:4764(A)

Where a grave public emergency has been declared by the parish or municipal governing authority, the owner of the building who desires to prevent the demolition or removal thereof must file his petition within forty-eight hours of the posting of the notice of the demolition or removal order on the property… .

The City relies on this Court's recent decision in *Granaio, LLC v. City of New Orleans*, 2024-0438 (La.App. 4 Cir. 12/30/24), 407 So.3d 739, to support its contention that the trial court lacked subject matter jurisdiction to consider the claims in Alexandra Land's petition because the petition was untimely. In *Granaio*, the property owner filed a petition for injunctive relief eight days after the posting of the emergency demolition notice. *Id*., 2024-0438, p. 3, 407 So.3d at 741. The City responded with an exception of lack of subject matter jurisdiction arguing that the trial court lacked jurisdiction over the matter because the petition was untimely. *Id*., 2024-0438, pp. 3-4, 407 So.3d at 742. In affirming the trial court, this Court determined that "Granaio filed its petition outside of the 48-hour deadline to prevent the emergency demolition of the property. Therefore, according to the statutory authority and jurisprudence, the City's imminent danger decision became final and the trial court lacked subject matter jurisdiction." *Id*., 2024-0438, p. 7,

5

407 So.3d at 743.[6] At the hearing on the exception, Alexandra Land did not challenge the veracity of the City's video which captured the notice being affixed to the building at 10:00 a.m. on January 7, 2025. Rather, Alexandra Land maintained that it was not made aware of the notice until January 9, 2025. Alexandra Land submits that the facts of this case differ from *Granaio* because there is a dispute as to when the notice was posted. Conversely, in *Granaio* there was no dispute as to when the notice was posted and the plaintiff filed its petition a full eight days later. Alexandra Land asserts that since the emergency demolition notice did not include a time, there was no way to determine when the 48-hour deadline to appeal began to run. It concludes that the 48-hour deadline should not have begun until it was made aware of the notice, which was January 9, 2025.

La. R.S. 33:4762(C) does not require the time of posting to be listed on the emergency demolition notice. When interpreting statutes, "the general purpose and object of the law must be kept in mind and the statute given such fair and reasonable interpretation as will effect the purpose and object for which it was enacted." *Miller v. LAMMICO*, 2007-1352, p. 19 (La. 1/16/08), 973 So.2d 693, 706 (quoting *J.M. Brown Const. Co. v. D & M Mech. Contractors, Inc.*, 275 So.2d 401, 404 (La. 1973). La. R.S. 33:4762 is entitled "Notice to owner; hearing; notice filed with recorder of mortgages binds transferees." Thus, the general purpose, and reasonable interpretation of La. R.S. 33:4762 is to provide notice to the property owner prior to condemning the property. Once notice is provided, the property owner has 48-hours to appeal. La. R.S. 33:4764(A).

---

[6] This Court also issued an opinion in a companion case in *Granaio, LLC v. City of New Orleans*, 2024-0188 (La.App. 4 Cir. 12/30/24) 408 So.3d 241. In *Granaio*, 2024-0188, 408 So.3d 241, the trial court denied the petition for injunctive relief finding that it was untimely and therefore, the trial court lacked subject matter jurisdiction. *Granaio*, 2024-0188, p. 3, 408 So.3d 241, 242. This Court, consisting of the same panel, reached the same conclusion as in *Granaio*, 2024-0438, 407 So.3d 739.

This matter involves fundamental constitutional principles affecting property rights. "Procedural due process requires that before an individual is deprived of a property or liberty right, the individual must be provided with notice and an opportunity to be heard." *Oliver v. Orleans Par. Sch. Bd.*, 2014-0329, p. 35 (La. 10/31/14), 156 So.3d 596, 620 (citations omitted). As a threshold matter, the parties concede that the emergency demolition notice affixed to the property complies with all of the requirements of La. R.S. 33:4762(C). While La. R.S. 33:4764 provides that a property owner has 48-hours to appeal the demolition of the property once notice has been posted, determining when that 48-hour period commences presents a *res nova* issue in this case. La. R.S. 33:4762(C) does not require the time be included on the notice, and we can find no cases germane to this issue. While not directly on point, we find election cases instructive as the time delays are also provided for in hours. In election challenges, the trial court is required to include the time on the judgment because a party's appeal delays are outlined in the statute in hours. *See* La. R.S. 18:1409(D). This Court recently noted, "the statutory language is clear and unambiguous, and [] the timeframe for perfecting an appeal must be strictly enforced to ensure the timely resolution of election disputes." *Feliciano v. Huston*, 2025-0360, p. 2 (La.App. 4 Cir. 6/17/25), 414 So.3d 1261, 1263 (citing *Dumas v. Jetson*, 446 So.2d 747, 749 (La.App. 1st Cir. 1983)). "Given the mandatory and jurisdictional nature of the deadlines in election appeals, the absence of any contrary evidence or justification for the delay…" warrants dismissal of the appeal. *Id*., p. 3, 414 So.3d at 1263 (citation omitted).

The City attached an affidavit from a city inspector, Jermaine Brumfield, indicating that the emergency demolition notice was affixed to Plaza Tower at

7

10:00 a.m. on January 7, 2025. Conversely, Alexandra Land submitted an affidavit from its security guard, Keion Williams, attesting that prior to January 9, 2025, he did not see the emergency demolition notice posted on the property and did not locate it until January 9, 2025 between 8:00 a.m. and 12:00 p.m. We recognize the quagmire this case presents as there is no precise mechanism for determining the exact time the 48-hours begins to run when the parties present conflicting accounts. The City bears the burden to provide notice to the owner, but the facts of this case suggest that Alexandra Land sufficiently rebutted the City's contention. Applying a liberal interpretation of the statutes, and considering the unique facts of this case, we decline to deprive a property owner of exercising its right to appeal when there is conflicting evidence regarding the timing of the posting of the emergency demolition notice. We emphasize that our holding is limited to the precise and narrow facts before this Court and should not be interpreted expansively beyond the specific factual confines presented. Thus, under the facts of this case we find the petition timely and determine that the trial court's judgment granting the exception of lack of subject matter jurisdiction was a reversible error of law.

"When an appellate court finds the trial court made a reversible error of law, it is required, whenever the state of the record on appeal so allows, to redetermine the facts *de novo* from the entire record and render a judgment on the merits." *Laboriel-Pitio v. Latiker*, 2020-0669, p. 15 (La.App. 4 Cir. 6/16/21), 323 So.3d 929, 938 (quoting *Dileo v. Horn*, 2015-0684, p. 25 (La.App. 5 Cir. 3/16/16), 189 So.3d 1189, 1207) (citation omitted). "[O]ur [C]ourts operate under principles of sound judicial administration to promote judicial efficiency and economy." *R.J. Messinger, Inc. v. Rosenblum*, 2004-1664, p. 13 (La. 3/2/05), 894 So.2d 1113, 1122. As stated above the trial court allowed the parties to argue their positions on

8

the record regarding the preliminary injunction, thus providing this Court with a full record. Considering that the judgment of which Alexandra Land seeks review dismisses the petition with prejudice, we find it promotes judicial efficiency to consider Alexandra Land's petition for preliminary injunction and render judgment on the merits.

## Preliminary Injunction

"A preliminary injunction is an interlocutory procedural device designed to preserve the status quo as it exists between the parties, pending trial on the merits." *Faubourg Marigny Imp. Ass'n, Inc. v. City of New Orleans*, 2015-1308, p. 12 (La.App. 4 Cir. 5/25/16), 195 So.3d 606, 615 (citations omitted). "In order for a plaintiff to meet his burden of proof at a hearing on a preliminary injunction, he must make a *prima facie* showing that he will prevail at the trial on the permanent injunction." *Yokum v. Pat O'Brien's Bar, Inc.*, 2012-0217, p. 7 (La.App. 4 Cir. 8/15/12), 99 So.3d 74, 80 (citing La. C.C.P. art. 3601) (citation omitted). The *prima facie* standard in a preliminary injunction is less than what is required to be shown for a permanent injunction. *Smith v. Brumfield*, 2013-1171, p. 6 (La.App. 4 Cir. 1/15/14), 133 So.3d 70, 74 (citations omitted). However, "the standard of proof required to meet the elements for a preliminary injunction differs, contingent upon whether the preliminary injunction sought is a prohibitory injunction or a mandatory injunction." *Ard v. GrrlSpot, LLC*, 2019-0312, p. 14 (La.App. 4 Cir. 10/23/19), 364 So.3d 358, 367 (citation omitted). A prohibitory injunction is one which seeks to restrain conduct. *Id*., 2019-0312, p. 15, 364 So.3d at 367 (citation omitted). Alexandra Land seeks a prohibitory injunction because it seeks to restrain the City from demolishing Plaza Tower.

A preliminary injunction may be issued upon a showing by the plaintiff that "(1) it will suffer irreparable injury, loss, or damage if the injunction is not issued; (2) it is entitled to the relief sought; and (3) it will likely prevail on the merits of the case." *A.P.E., Inc. v. City of New Orleans*, 2013-1091, p. 5 (La.App. 4 Cir. 1/15/14), 132 So.3d 475, 478 (citation omitted). Irreparable injury is shown when "money damages cannot adequately compensate for the injuries suffered and the injuries 'cannot be measured by pecuniary standards.'" *Smith*, 2013-1171, p. 7, 133 So.3d at 75 (quoting *Historic Restoration, Inc. v. RSUI Indem. Co.*, 2006-1178, p. 11 (La.App. 4 Cir. 3/21/07), 955 So.2d 200, 208) (citation omitted). However, there is an exception to the irreparable injury requirement:

> A petitioner is entitled to injunctive relief without the requisite showing of irreparable injury when the conduct sought to be restrained is unconstitutional or unlawful, *i.e.*, when the conduct sought to be enjoined constitutes a direct violation of a prohibitory law and/or a violation of a constitutional right. Once a plaintiff has made a *prima facie* showing that the conduct to be enjoined is reprobated by law, the petitioner is entitled to injunctive relief without the necessity of showing that no other adequate legal remedy exists.

*Jurisich v. Jenkins*, 1999-0076, p. 4 (La. 10/19/99), 749 So.2d 597, 599 (internal citations omitted).

In its petition for preliminary and permanent injunction, Alexandra Land relies on the exception provision arguing that the demolition of the property prior to a hearing challenging the demolition is unlawful. It submits that the City has not hired a licensed professional to inspect the interior of the property to support the determination that Plaza Tower presents an imminent danger to the public. At the trial court, Alexandra Land also asserted that it has the right to abate any building violations prior to demolition. To support its position, the City points to the following salient facts: (1) Alexandra Land has owned Plaza Tower since 2014; (2)

has allowed the building to enter into disrepair and; (3) has failed to significantly remediate the property after more than a decade. The City further maintains that injunctive relief is not appropriate as Alexandra Land has an adequate remedy at law to appeal the reasonableness of the emergency demolition costs.

We disagree with Alexandra Land's assertion that it is not required to demonstrate irreparable injury in order to obtain injunctive relief. The City sought to demolish the property under La. R.S. 33:4762(C), which provides an expedited procedure for cases involving a grave public emergency.[7] The statute requires a declaration of a grave public emergency and notice to the owner. Alexandra Land's opportunity to challenge the demolition is set forth in La. R.S. 33:4764, which allows a property owner 48-hours to file a petition to challenge the demolition of the property. The procedural requirements of La. R.S. 33:4762 and La. R.S. 33:4764 have been adhered to and Alexandra Land is required to demonstrate irreparable injury. Therefore, we will consider whether Alexandra Land can satisfy its burden.

Alexandra Land purchased Plaza Tower in 2014 and has failed to repair the building sufficiently to place it back into commerce. Although not ruling on the merits of the preliminary injunction, the trial court allowed the parties to present argument and introduce evidence regarding the preliminary injunction, essentially allowing them to proffer evidence. While a proffer refers to excluded evidence, it is akin to the evidence submitted in this matter because the trial court allowed the

---

[7] Alexandra Land asserts that the emergency demolition notice was invalid because it failed to include the time of posting. As discussed in the opinion, La. R.S. 33:4762(C) does not require the time of posting to be included on the notice. Alexandra Land also maintains that the proper governing authority did not condemn the property because the emergency demolition notice was issued by the Department of Code Enforcement and the Department of Safety and Permits. La. R.S. 33:4761 provides that the governing authority may condemn a property. The Department of Code Enforcement and the Department of Safety and Permits are departments of the City of New Orleans, the governing authority. We find these arguments lack merit.

introduction of the evidence so that it would be available for appellate review. *See Howell v. Overton*, 2022-0695, p. 8, n. 8 (La.App. 4 Cir. 3/15/23), 382 So.3d 149, 155 (citations omitted). Appellate review by this Court is limited to evidence presented in the record. *See* La. C.C.P. art. 2164. The record reflects numerous instances of falling debris and evidence of the deplorable conditions of Plaza Tower. In 2021, Plaza Tower was cited for building code violations and debris fell from the property injuring a pedestrian. In 2023, a trespasser started a fire at Plaza Tower requiring the closure of surrounding streets and a citizen's vehicle was damaged after a piece of metal slab fell from the building. In 2024, debris fell from Plaza Tower again requiring the closure of surrounding streets. As noted by the trial court, Alexandra Land has had over a decade to revitalize Plaza Tower and has failed to perform repairs sufficient to place the building back into commerce. Further, irreparable injury involves the inability to adequately compensate a plaintiff with monetary damages or demonstrate that a loss cannot be measured by pecuniary standards. *Smith*, 2013-1171, p. 7, 133 So.3d at 75 (citation omitted). To the extent that Alexandra Land asserts monetary damages, it may seek recourse through ordinary proceedings. We find, based on the record before this Court, that Alexandra Land has not demonstrated irreparable injury sufficient to warrant injunctive relief.[8] Accordingly, Alexandra Land's petition for preliminary injunction is denied.

As Alexandra Land filed a petition seeking both a preliminary and permanent injunction, we find it appropriate to remand the matter for consideration of Alexandra Land's request for a permanent injunction. *Transworld Drilling Co.*

_____

[8] Having determined that Alexandra Land failed to prove irreparable injury, discussion of the remaining two elements regarding the granting of a preliminary injunction is pretermitted.

*v. Texas Gen. Petroleum Co.*, 517 So.2d 1262, 1263 (La.App. 4th Cir. 1987) (citation omitted) ("The trial of a rule for a preliminary injunction cannot replace a trial on the merits, in the absence of such a stipulation by the parties, no matter how thoroughly the merits have been treated, even by the [C]ourt of [A]ppeal.").

## **Decree**

For the foregoing reasons, we reverse the trial court's January 27, 2025 judgment granting the City's exception of lack of subject matter jurisdiction finding the trial court has subject matter jurisdiction. Additionally, as we find the record on appeal complete, Alexandra Land's petition for preliminary injunction is denied. The case is remanded to the trial court for further proceedings.

**REVERSED; RENDERED; REMANDED**